## Supreme Court — Appellate Division, Third Department.

May, 1902.

## THE PEOPLE v. HARRY CHARTOFF AND GUSSIE CHARTOFF.

(72 App. Div. 555.)

1. TRIAL—CHARGE AS RIGHT OF JURY TO CONSIDER PUNISHMENT.

After charging that frequently juries hesitated to convict in criminal cases because they feared that some undue punishment would be inflicted, the court immediately continued, " now this crime charged here is a misdemeanor, and it being a misdemeanor, is, of course, not of the character of those trials which you have heard here, which have involved charges of crime far different and far more severe is their punishment than the crime now charged." Held error, as by this he instructed or permitted the jury to take into consideration the very matter forbidden and also permitted them to infer that because this crime was a misdemeanor with but a comparatively slight punishment, a different rule applied from that upon the trial of more heinous offenses.

2. SAME.

It was also error for the court to charge, " now, when you have determined who it is that tells the truth, you have determined the guilt or innocence of these parties," as witnesses may be truthful and yet their evidence may not be sufficient to remove a reasonable doubt justly founded upon their testimony.

3. SAME.

Even if the remarks of the court laid down no absolutely erroneous rule of law, yet it is within the discretion of the Appellate Tribunal to set aside the verdict if it sees that such remarks improperly influenced the jury.

THE PEOPLE V. CHARTOFF.                513

APPEAL by the defendants, Harry Chartoff and another, from a judgment of the County Court of Orange county, in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 14th day of February, 1902, upon the verdict of a jury, convicting the defendant of the crime of keeping a disorderly house, and also from an order denying the defendants' motion for a new trial.

Henry Hirschberg, for the appellants.

A. H. F. Seeger, for the respondent.

JENKS, J.: I am of opinion that the judgment must be reversed and a new trial ordered. The learned court charged in part as follows: " In addition to that, gentlemen, these persons are accused of a misdemeanor, as has been said here, and it is undoubtedly said to you, gentlemen, in a cautionary way, because it is a very flagrant thing in the administration of justice that jurors absolutely ignore the fact that they have nothing to do with the gravity of the crime at all and with the punishment of crime, and yet it is a thing that occurs every time court is held and a case is submitted to a jury—a criminal case—that they hesitate to convict because they fear that some undue punishment will be inflicted upon the person if he is convicted. Now, gentlemen, you have nothing to do with the punishment, and no jury ever has anything to do with the punishment in case a conviction is brought about by sufficient evidence. The function of the jury and of the judge is entirely distinct, and the judge is vested with the authority to determine what punishment shall be inflicted and what punishment is due and just under the circumstances; and if he is not of sufficient discretion, if he has not sufficient judgment to determine what is proper in particular instances, why then, of course, the people have made a mistake in putting him where

VOL. XVI—33

he it; but the jury should never interfere to determine what punishment should be inflicted by hesitating to convict—if, under their oaths, they are satisfied that the person accused of crime is guilty of the crime charged." The court immediately continued: "Now, this crime charged here is a misdemeanor, and it being a misdemeanor, is, of course, not of the character of those trials which you have heard here, which have involved charges of crime far different and far more severe in their punishment than the crime now charged."

By making such comparison with other trials which the jury or the jurors had heard in that court, did not the learned judge not only instruct (or, at least, permit) the jury in this case to take into consideration the very matter which he said a jury should never consider, namely, the punishment which might follow a conviction, but also permit the jury to infer from the fact that this crime was a misdemeanor, with but a comparatively slight punishment, that a different rule applied to the case at bar from that which obtained upon the trials of more heinous offenses which admitted of severer punishments? After stating that a jury should never " interfere to determine what punishment should be inflicted by hesitating to convict " (if they believed a defendant guilty), did not the learned judge, in effect, tell this jury that *a fortiori* in a case of crime which, in comparison with other crimes, was venial and entailed but slight punishment, they might the more readily arrive at a conviction? Of course, but one and the same rule must obtain in the trial of every crime, namely, that the defendant must have trial and fair deliverance upon the evidence, and is entitled to an acquittal in case of a reasonable doubt as to whether his guilt is satisfactorily shown by the evidence adduced. The vice of this charge was that it might possibly permit the jury to conclude that there was some sliding scale graduated by the gravity of the crime and the severity of the punishment therefor; whereas the defendants were surrounded by the same safe-

guards as if they had stood at the bar indicted for murder in the first degree.

Again, the learned court charged the jury: " Now when you have determined what the truth is in this case, you have determined the whole thing.   When you have determined who it is that tells the truth, you have determined the guilt or innocence of these parties."   I think that these instructions tended to mislead the jury.   For the jury was told that if it determined that the witnesses for the prosecution told the truth, it thereby determined the guilt of the defendants.   Witnesses may be entirely truthful in their testimony and impress the jury with the truth of their statements, and yet their evidence may not be sufficient to remove a reasonable doubt justly founded upon their testimony.   It is true that in other parts of the charge the court instructed the jury as to reasonable doubt, and the benefit assured therefrom to the defendants; but this was an isolated, cogent instruction that when the jury determines who tells the truth, it thereby, as matter of law, also determined innocence or guilt.

If there be error it is not incumbent on the defendants to show how it prejudiced them, but the prosecution is bound to show that the defendants could not possibly have been injured by it.   (People v. Helmer, 154 N. Y. 596.)   Even if the remarks of the court laid down no absolutely erroneous rule of law, yet it is within our discretion to set aside the verdict if we see that such remarks improperly influenced the jury. (Connors v. Walsh, 131 N. Y. 590.)   Our power to order a new trial is clear, irrespective of the question whether the error is presented by an exception.   (Code Crim. Pro., sec. 527.) Whether, in our opinion, the evidence points clearly to the guilt of the defendants does not matter; the sole question before us is whether the defendants had a fair trial upon the evidence, and with the full observance of all the safeguards which the law affords.

The judgment of conviction should be reversed, and a new trial ordered.

All concurred, except HIRSCHBERG, J., not sitting.

Judgment of conviction of the County Court of Orange county reversed and new trial ordered.