■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH GEORGE CHURCH, Appellant.— Appeal from a judgment of the County Court of Otsego County convicting defendant of the felony of carnal abuse of a child, second offense, in violation of section 483-b of the Penal Law. As two prior convictions of carnal abuse of a child and one prior conviction of endangering the morals of a child were charged, the indictment properly set forth three counts, each alleging the same act involving the child concerned in this prosecution and one of the prior convictions. We find no merit in defendant's contention that the form of the indictment and the failure of the trial court, on defendant's motion, to require a severance of the counts constituted error. While the effect upon the jury of proof of three prior convictions was unquestionably harmful to defendant, that result was unavoidable, the counts having been properly joined in the first instance. Had the motion been granted and the jury, upon the trial of one count, have convicted of a misdemeanor (upon determining that defendant was guilty of the act charged, while finding unsatisfactory the proof of the prior conviction alleged in that particular count), the result would have been to nullify the two remaining counts although each was completely valid and proper. We find no substantial error arising out of the reception of testimony elicited from a State trooper upon redirect examination or from remarks of the District Attorney in summation. The testimony in question was invited by defense counsel's questions on cross-examination. The remarks complained of were as to the absence of any contradiction of the People's proof and were, in context, consistent in some measure with the District Attorney's assertion here that his reference was to the insufficiency of the testimony of certain defense witnesses to whom defendant's attorney had referred in his opening. In any event, the trial court sustained the objection by defendant's counsel at the time and properly and adequately instructed the jury and repeated those instructions in the course of the main charge. The defendant assigns as error the trial court's reference, in the charge, to the court's prerogatives as to sentence and punishment but this followed defense counsel's statement in summation that conviction would require "a mandatory prison sentence * * * for the balance of his life." On review of this record we are satisfied that defendant had a fair trial and that there occurred no error affecting any substantial right. Judgment of conviction affirmed. Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur.