■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD CLARK, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 13, 1977, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. By order of this court dated November 4, 1977, the District Attorney was directed to furnish this court and appellant's counsel with a copy of the transcript of the stenographic minutes of the trial of the defendant which was interrupted by his plea of guilty and the parties were directed to file supplemental briefs; the appeal has been held in abeyance in the interim. The District Attorney has complied and the parties have filed supplemental briefs. Judgment affirmed. No opinion. Hopkins, J. P., Martuscello, Latham and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS ANGEL GARCIA, Also Known as JOE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered November 15, 1976, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and sentencing him to a term of imprisonment of two and one-half years to life. Judgment affirmed. Two of the defendant's contentions require comment. First, the defendant complains that Criminal Term, during the trial, improperly instructed the jury concerning the sentence which might be imposed if he were found guilty. The instruction followed the cross-examination of a police officer by the defendant's counsel, in which counsel referred to the mandatory life sentence which the defendant faced. We have reviewed the instruction and do not believe that under the circumstances it was an improper action by Criminal Term. The instruction was fair and objective and, though punishment is a matter for the court and not the jury (cf. CPL 300.10), once the defendant's counsel had inappropriately brought the possible sentence to the attention of the jury, the court was entitled to charge the jury fairly as to the relative duties of the jury and the Judge (see *People v Church,* 7 AD2d 817; cf. *United States v Stanley,* 433 F2d 637). *People v Sherman* (264 App Div 274) is distinguishable, since there the court's charge invited the jury to convict the defendant based on an implied representation that the court would exercise leniency. Here no such invitation or representation appears in the charge. Second, the defendant claims that the record is incomplete. Our review does not disclose any errors or omissions in the record which have prejudiced the defendant in presenting his case. Hence, we find no reason to reverse the conviction on that ground (see *People v Glass,* 43 NY2d 283, 286-287). Hopkins, J. P., Martuscello, Latham and Shapiro, JJ., concur.