■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE V. CIPPOLONE, JR., Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County

(Lawrence, J.), rendered October 14, 1983, convicting him of criminal sale of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (five counts), criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant was charged with having, *inter alia,* sold cocaine to undercover narcotics officers, in increasing amounts, on four separate occasions. Insofar as now pertinent, he presented an entrapment defense at trial which was rejected by the jury. That question rested primarily upon a determination of the credibility of the witnesses, and the weight that the jury desired to accord the defendant's tape recorded telephone conversations with a police detective. This is not a rare case in which entrapment was established as a matter of law (cf. *People v Calvano,* 30 NY2d 199).

Insofar as defendant complains that the Assistant District Attorney made a number of improper comments during the course of summation, we note that these remarks went without objection and, therefore, no issue of law is preserved for appellate review (CPL 470.05, subd 2; *People v Dawson,* 50 NY2d 311, 324). Interest of justice review is not warranted.

Finally, the trial court correctly precluded the defendant from testifying about events that allegedly occurred after his arrest, which would have revealed the length of the minimum sentence faced upon conviction. It is axiomatic that punishment is within the sole province of the court and may not be considered by the jury, either out of sympathy for the defendant or for retribution purposes against the defendant (CPL 300.10, subd 2; *People v Garcia,* 63 AD2d 719; *People v Chartoff,* 72 App Div 555). In any event, the police detective's testimony on cross-examination and defense counsel's summation adequately conveyed to the jury the information concerning the alleged "pressure" on the defendant, which "pressure" the defendant claimed was relevant to his credibility. Titone, J. P., Gibbons, Bracken and Weinstein, JJ., concur.