■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DANNY L. JOHNSON, Appellant.

Although such knowledge may be shown circumstantially by conduct and events *(People v Johnson,* 65 NY2d 556, 561), it may not be imputed solely from possession or presentation of the instrument *(People v Green, supra).* In this case, defendant stated that he knew there was "something wrong" with the check given to him by his friend. However, when he first gained possession, the check had been indorsed in blank, defendant did not know the payee or her signature or how his friend acquired the check and when he presented the check at the bank where he had an account and placed his own indorsement thereon, he made no representation regarding any prior indorsement. While the jury could infer that the check was stolen, any finding that defendant knew it was forged was premised on no more than speculation *(People v Green,* 53 NY2d 651, 652, *supra).* The judgment must be modified to vacate that conviction and the sentence imposed thereon.

Although the court failed to provide the jury with specific instructions pertaining to a common scheme to defraud, no request or exception was made by defendant and this issue was not preserved for our review (CPL 470.05 [2]). We decline to exercise our discretion in the interests of justice (CPL 470.15 [6] [a]). We find defendant's remaining contention lacks merit. (Appeal from judgment of Monroe County Court, Cornelius, J.—criminal possession of forged instrument, second degree, and another offense.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.