■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v INA MATHIS and NURTURE HOME HEALTH SERVICES, INC., Appellants. [630 NYS2d 793] —Appeal by the defendants from two judgments of the County Court, Nassau County (Mackston, J.), both rendered October 18, 1994, convicting them of falsifying business records in the first degree (eight counts) and criminal possession of a forged instrument in the third degree (eight counts), upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in a light most favorable to the People (see, *People v Contes*, 60 NY2d 620), we find that it is legally sufficient to establish beyond a reasonable doubt that the defendants committed the crimes of falsifying business records in the first degree (Penal Law § 175.10) and criminal possession of a forged instrument in the third degree (Penal Law § 170.20). Moreover, upon the exercise of our factual review power, we are satisfied that the verdicts are not against the weight of the evidence (see, CPL 470.15 [5]).

The evidence conclusively establishes that the physicians' signatures on certain physical examination forms in the defendants' possession were forged. One of the physicians whose signature was forged testified that she had never met any of the defendants' health-care aides on whose physical examination forms her name appeared. She testified that she maintains a medical practice in Rochester, New York, and it is patently incredible that the defendants' health-care aides traveled to Rochester from Nassau County for their physical examinations. The physician also testified that she met the defendant Ina Mathis at a seminar at which Mathis was a speaker and that she gave her business card to Mathis. Thus, the jury could reasonably infer that the physician's forged signatures were either made or caused to be made by Mathis, who was the executive director of the corporate defendant, and

that the forgeries were made with the intent to defraud, *i.e.*, to obtain payment for services rendered to Medicaid patients by health-care aides who were not qualified because they did not have the required physical examinations. The jury could also reasonably reach the same conclusions with regard to the forged physical examination forms of the other physicians.

While a defendant may not be imputed with knowledge that a document is forged solely by her possession or presentation of the instrument *(see, People v Green,* 53 NY2d 651; *People v Johnson,* 124 AD2d 966), the evidence in this case provides circumstantial proof that Mathis knew that the physicians' signatures were forged *(see, People v Johnson,* 65 NY2d 556, 561; *People v El Amin,* 159 AD2d 991; *People v Di Mauro,* 113 AD2d 840). Moreover, the jury could reasonably conclude from the evidence presented that the defendants possessed the forged physical examination forms with the intent to defraud or deceive the State.

The defendants' remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Sullivan, J. P., O'Brien, Altman and Goldstein, JJ., concur.