■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BROWN, Appellant. [808 NYS2d 650]—

Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered January 14, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 8 to 16 years, unanimously affirmed.

The court properly denied defendant's challenge for cause to a prospective juror who initially indicated that he might "tend to" credit police testimony. That statement did not "cast serious doubt on [his] ability to render an impartial verdict" (*People*

*v Arnold*, 96 NY2d 358, 363 [2001]), and, in any event, he then gave the court an unequivocal assurance that he could make a proper credibility determination regardless of the occupation of a witness. The panelist's response was not rendered equivocal by the court's use of the word "think" in its inquiry (*see People v Chambers*, 97 NY2d 417, 419 [2002]).

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). The court precluded inquiry into a substantial portion of defendant's very extensive criminal record, and the drug convictions that the court allowed were highly probative of defendant's credibility, and were relevant to his agency defense (*see People v Brathwaite*, 238 AD2d 125 [1997], *lv denied* 90 NY2d 891 [1997]). Defendant's related complaints about the prosecutor's cross-examination and summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find them to be without merit.

We perceive no basis for reducing the sentence. Concur— Sullivan, J.P., Nardelli, Catterson, McGuire and Malone, JJ.