■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECILIO WELLINGTON, Appellant. [837 NYS2d 303]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered December 15, 2004, convicting him of criminal possession of a forged instrument in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's challenge for cause to a prospective juror since the challenged prospective juror did not demonstrate a real bias (see People v Chambers, 97 NY2d 417 [2002]; People v Arnold, 96 NY2d 358 [2001]; People v Johnson, 94 NY2d 600 [2000]; People v Devison, 38 AD3d 203 [2007]; People v Brown, 25 AD3d 384 [2006]; People v Wahedi, 301 AD2d 541 [2003]).

The defendant also contends that the People failed to establish that he had the requisite intent to defraud because both parties to the sale of the fake Social Security card knew it was forged. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to permit the jury to infer from the defendant's possession of a concededly forged Social Security card that he intended the purchaser would use it to defraud or mislead others, including the government, the person actually assigned the number used on the forged card, or potential employers (see People v Mathis, 218 AD2d 817 [1995]; People v Ayes, 143 AD2d 676 [1988]; People v Dales, 285 App Div 214, 217-218 [1955], affd on other grounds 309 NY 97 [1955]; People v Sherman, 264 App Div 274, 275 [1942]; People v Anderson, 210 App Div 59 [1924], affd 239 NY 534 [1924]). Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). Schmidt, J.P., Rivera, Angiolillo and Balkin, JJ., concur.