■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE P. KARIKA, Appellant. [851 NYS2d 731]—

Rose, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered February 9, 2007, upon a verdict convicting defendant of the crimes of criminal sexual act in the first degree and sexual abuse in the first degree (two counts).

Defendant, who at the time was 23 years old, was indicted on one count of criminal sexual act in the first degree and two counts of sexual abuse in the first degree based upon the accusations of the 13-year-old female victim. After a jury trial, at which the victim and defendant gave widely divergent accounts of the incident, defendant was convicted as charged and sentenced to an aggregate prison term of five years with periods of postrelease supervision.

On appeal, defendant argues that he was deprived of a fair trial by County Court's implied promise of lenient sentencing made to the jury panel before jury selection began. Although the People argue that this challenge is unpreserved because no immediate objection was raised, defendant did protest the court's statement during the charge conference, asking that a curative instruction be given. Inasmuch as County Court refused to consider the issue and gave no curative instruction whatsoever, it is inconsequential that the specific instruction requested by counsel might have been inappropriate. The issue was raised in time for the court to give a curative instruction of its own and, thus, we find it to be adequately preserved for our review (*see People v Edwards*, 95 NY2d 486, 491 n 2 [2000]; *cf.*

*People v Colvin*, 37 AD3d 856, 858 [2007], *lv denied* 8 NY3d 944 [2007]; *People v Corey*, 233 AD2d 773, 774 [1996], *lv denied* 89 NY2d 984 [1997]).

As to the merits of defendant's contention, we are persuaded that there must be a reversal. In the course of its preliminary instructions regarding the respective roles of the court and the jury, County Court correctly advised that sentencing was a matter solely for the court to determine and the jury was not to consider sentencing. However, before it did so, the court inexplicably related a recent out-of-court conversation in which someone had asked what the court might do when a person commits the charged crime without really meaning to or knowing what the law is. The court then stated: "[I]f a jury decides they are guilty, I give them an unconditional discharge or conditional discharge. It reflects itself in the sentence." Since the jurors previously had been told the charges against defendant, County Court's statement erroneously suggested that a conditional or unconditional discharge could be given upon his conviction of criminal sexual act in the first degree, a class B felony (*see* Penal Law § 60.05 [3]). The impact of this statement was not ameliorated by later reminding the jury that sentencing was for the court alone to consider. Instead, those reminders may very well have reminded the jurors of the court's implied promise. While we cannot know the effect that the statement had on the jurors, they certainly could have believed that if defendant were convicted, he would not have to be sent to prison, leading them "to a scrutiny of the evidence less close than that to which defendant was entitled" (*People v Morris*, 39 AD2d 750, 751 [1972]; *see People v Garcia*, 63 AD2d 719, 719 [1978]; *People v Stowell*, 283 App Div 854, 854 [1954]; *People v Sherman*, 264 App Div 274, 278 [1942]).

Since County Court gave no curative instruction and we cannot say that the proof of defendant's guilt was overwhelming, this error was not harmless. The testimony of the victim and the defendant at trial presented sharply contrasting accounts of what happened between them, with no other direct proof of his guilt. Moreover, there was other evidence contradicting the victim's version and lending credibility to defendant's account. Even County Court, in denying defendant's motion to set the verdict aside, observed that the jury's belief in the victim's account might be improbable, but was not impossible. Thus, we cannot say that the court's error could not have affected the jury's verdict (*see People v Reilly*, 19 AD3d 736, 737-738 [2005]; *People v Seaman*, 239 AD2d 681, 682 [1997], *appeal dismissed* 91 NY2d 954 [1998]).

Mercure, J.P., Peters, Carpinello and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Tioga County for further proceedings not inconsistent with this Court's decision.