■ The People of the State of New York, Respondent, v Ignacio Ramos, Appellant. [15 NYS3d 691]—Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered September 24, 2013, convicting him of criminal possession of a forged instrument in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A conviction of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) requires proof that the defendant, with knowledge that it is forged and with intent to defraud, deceive, or injure another, utters or possesses any forged instrument of a kind specified in section 170.10 of the Penal Law, which includes a prescription from a duly licensed physician (*see* Penal Law § 170.10 [5]). The defendant contends that the People failed to prove that he was aware that the prescription for Oxycodone in his possession was forged or that he had the requisite intent to deceive necessary to sustain his conviction of criminal possession of a forged instrument in the second degree.

Contrary to the defendant's contention, the element of intent was established with evidence adduced at trial that the defendant affirmatively claimed ownership of a prescription which was purportedly issued to him by a physician who had never treated the defendant, and from whom the defendant could not have received the prescription (*see People v Mathis*, 218 AD2d 817 [1995]). Viewing the evidence in the light most

favorable to the prosecution (*see People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Dillon, J.P., Chambers, Hall and Duffy, JJ., concur.