■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL ENNIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered October 27, 1989, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the seventh degree, and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the possessory elements of the crimes charged beyond a reasonable doubt. The testimony elicited at the trial revealed that when arrested on a bench warrant in the lobby of a Nanuet hotel, the defendant, who was barefooted, had the key to Room 219 in his pocket, and, when permitted to retrieve his shoes, led the police to that room. Earlier that morning, the defendant had requested the hotel desk clerk to transfer all incoming calls from Room 219 to the room of a friend, who testified that she telephoned the defendant in Room 219 shortly before his arrest. The People thus established that the defendant exercised sufficient dominion and control over Room 219 so as to warrant a finding that he constructively possessed the cocaine, marihuana, and vials found in the room. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the bench warrant issued by the Yonkers City Court was properly executed in Rockland County since Rockland County adjoins Westchester County, the county of issuance *(see,* CPL 530.70).

We have examined the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.