THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYREE SOMMERVILLE, Appellant. [775 NYS2d 654]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered December 17, 2001. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]) and two counts of criminal possession of a weapon in the third degree (§ 265.02 [1], [4]). We reject the contention of defendant that Supreme Court erred in denying his motion to suppress physical evidence as the fruit of an illegal arrest. The weapon at issue was found by a police officer under a chair in the living room of an apartment as the result of a search following defendant's arrest in the bedroom of that apartment. Defendant was merely an occasional visitor to the apartment and thus lacks standing to challenge the search (see People v Rodriguez, 69 NY2d 159, 164-165 [1987]; People v Christian, 248 AD2d 960 [1998], lv denied 91 NY2d 1006 [1998]; People v Abreu, 239 AD2d 424 [1997], lv denied 90 NY2d 901 [1997]). "Furthermore, the defendant failed to meet his burden of establishing a 'causal connection' between his arrest and the discovery of the [weapon] warranting application of the exclusionary rule" (People v Washington, 287 AD2d 752, 753 [2001], lv denied 97 NY2d 763 [2002], quoting People v Arnau, 58 NY2d 27, 34 [1982]). The evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction (see People v Bleakley, 69 NY2d 490, 495 [1987]), and the verdict is not contrary to the weight of the evidence (see id.). Defendant abandoned his motion to dismiss the indictment and failed to preserve for our review his contention that the court erred in deferring its decision on the motion (see People v Rodri-

*guez,* 187 AD2d 291, 292 [1992]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.