■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL DEVISON, Appellant. [831 NYS2d 64]—

Judgments, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered June 24, 2004, convicting defendant, after a jury trial, of conspiracy in the second degree and criminal sale of a controlled substance in the third degree, and sentencing him to consecutive terms of 8 to 24 years and 2 to 6 years, respectively, unanimously affirmed.

The court properly denied defendant's challenges for cause to two prospective jurors. Defendant's appellate arguments misconstrue the confusing exchanges between the panelists and defense counsel. Contrary to defendant's assertion, the first panelist at issue expressly agreed to view the case only on the evidence presented. Counsel's question asking her if she could "promise to do that," was unclear with respect to what counsel meant by "that." Thus, the juror's answer—she needed to look at the evidence—did not undermine her unequivocal statement that she would view the case only on the evidence presented.

The second panelist merely stated, albeit in an inarticulate manner, that police can lie, but that it is not a part of their job to do so. As the court stated, this statement did not reflect any bias in favor of the police. Neither panelist evinced bias or a state of mind likely to preclude him or her from rendering an impartial verdict based on the evidence adduced at trial (*see People v Arnold*, 96 NY2d 358, 362-363 [2001]).

The court properly declined to question a sworn juror about a conversation he had with a police witness prior to the commencement of the trial. The detective relayed the conversation to the court, and it is apparent that the juror mistook the detective for another juror, the conversation was about trivial matters that did not concern the case in any respect, and no other juror was present. Under these circumstances, no further inquiry was necessary (*see People v Buford*, 69 NY2d 290, 299 n 4 [1987]; *People v Estrada*, 191 AD2d 286 [1993], *lv denied* 81 NY2d 1013 [1993]). Defendant's constitutional arguments regarding the court's determination are unpreserved (*see e.g. People v Kello*, 96 NY2d 740, 743-744 [2001]), and without merit.

The court also properly declined to replace a juror who, after

seeing pictures of one of the buildings out of which the alleged drug dealing occurred, realized that her aunt lived in the building. The juror did not have an implied bias based on this remote fact alone (*see generally People v Rentz*, 67 NY2d 829 [1986]). She stated that she had not visited her aunt in a number of months, promised not to go to the building during the trial, and stated unequivocally that she had formed no opinion about the case based on her aunt's connection to the building. Defendant's argument regarding the aunt being a victim of the crime, and "related within the sixth degree of consanguinity" (CPL 270.20 [1] [c]) to the juror is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit, as the aunt was not a "person allegedly injured by the crime charged" within the meaning of the statute.

The court properly declined to question each juror individually about what another juror had said about having been robbed. The fact that the juror had been robbed the night before, and apparently spoke to other jurors about it, did not call into question the impartiality of any of the jurors or raise inferences that any juror was grossly unqualified. The incident had nothing to do with the jury's evaluation of the evidence, and the court's instruction to the entire panel, that nothing outside the courtroom was evidence and that the case must be decided solely on the evidence, was sufficient to address any possible prejudice, especially since the case did not involve robbery or any related crime (*see People v Bosket*, 295 AD2d 202, 203 [2002], *lv denied* 99 NY2d 555 [2002]).

The court also properly declined to question all jurors individually regarding a juror who had been "crying hysterically" because she had already come to an irrevocable opinion about the case prior to its completion. The juror, whom the court discharged, stated that she had not spoken to any other jurors about her opinion, and that her conversation with the court officer was not overheard. There was nothing in the record to indicate that the juror had spoken to any other juror about this matter (*see People v Pierce*, 303 AD2d 314, 315 [2003], *lv denied* 100 NY2d 565 [2003]), and there is no reason to disturb the court's credibility determination regarding the juror's statement.

Defendant's claim that the court should have delivered a multiple conspiracies charge on the theory that the drug-selling operations in two adjoining buildings could be viewed as separate conspiracies is both unpreserved and unavailing, for the same reasons we stated in our decision on a codefendant's ap-

peal (*People v Alfonso*, 35 AD3d 269 [2006]). Defendant's other arguments on this issue are without merit. Concur—Nardelli, J.P., Williams, Buckley, Catterson and McGuire, JJ.