■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. WALL, JR., Appellant. [832 NYS2d 336]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered April 20, 2005. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]). Contrary to defendant's contention, the showup identification procedure, which was conducted within two hours after the burglary but only minutes after defendant was apprehended near the crime scene, was not unduly suggestive (*see People v Rodriguez*, 267 AD2d 61 [1999], *lv denied* 94 NY2d 924 [2000]; *People v McBride*, 242 AD2d 482 [1997], *lv denied* 91 NY2d 876, 943 [1997]). We similarly reject the contention of defendant that reversal is required based on a *Brady* violation, i.e., the People's failure to disclose the photograph taken of him when he was arrested. "[I]t is well settled that evidence is not deemed to be *Brady* material when the defendant has knowledge of it," and here the record establishes that defendant was aware that a photograph was taken of him at the

time of his arrest (*People v Rodriguez*, 223 AD2d 605, 606 [1996], *lv denied* 88 NY2d 1024 [1996]). Defendant further contends that the evidence of the burglary presented at trial impermissibly varied from the theory of burglary as charged in the indictment. We reject that contention (*cf. People v Davis*, 118 AD2d 795 [1986]). Finally, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. Present—Gorski, J.P., Martoche, Smith, Lunn and Pine, JJ.