█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
TIMOTHY P. LUNDY, Appellant. [850 NYS2d 755]—

Appeal from a judgment of the Monroe County Court (Richard
A. Keenan, J.), rendered March 24, 2003. The judgment
convicted defendant, upon a jury verdict, of murder in the
second degree.

It is hereby ordered that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]). Contrary to the contention of defendant, County Court did not abuse its discretion in denying his motion for a mistrial. Defendant's assertion that the jurors were improperly influenced by the circumstances surrounding the dismissal of a sworn juror is not supported by the record (*see generally People v Hunt*, 39 AD3d 961, 963 [2007]; *People v Devison*, 38 AD3d 203, 205 [2007], *lv denied* 9 NY3d 842 [2007]), nor is there any indication on the record before us that the court should have conducted individual inquiries of the jurors concerning the possibility of the alleged improper influence (*see Devison*, 38 AD3d at 205). Contrary to the further contention of defendant, the court properly refused to order the People to provide the criminal history reports of certain prosecution witnesses inasmuch as the record establishes that the People were unaware of the criminal histories of those witnesses and thus were not required to furnish such reports (*see* CPL 240.45 [1] [b]; *see also People v Carter*, 38 AD3d 1291, 1292 [2007]; *People v Graham*, 289 AD2d 417 [2001], *lv denied* 97 NY2d 754 [2002]).

Defendant failed to preserve for our review his contention that the People failed to disclose alleged *Brady* material (*see People v Little*, 23 AD3d 1117, 1118 [2005], *lv denied* 6 NY3d 777 [2006]; *People v Martinez*, 298 AD2d 897, 898 [2002], *lv denied* 98 NY2d 769 [2002], *cert denied* 538 US 963 [2003], *reh denied* 539 US 911 [2003]) and, in any event, that contention lacks merit. The information at issue, i.e., the fact that a witness was testifying pursuant to a material witness order, does not constitute *Brady* material because it is not exculpatory (*see generally People v Arhin*, 203 AD2d 62, 63 [1994], *lv denied* 83 NY2d 908 [1994]). The court properly charged the jury concerning accessorial liability because the evidence established that defendant, while acting in concert with another, intentionally caused the death of the victim (*see People v Gordon*, 277 AD2d 1053 [2000], *lv denied* 96 NY2d 759 [2001]; *see generally People v Rosario*, 277 AD2d 943, 944 [2000], *affd* 96 NY2d 857 [2001]), and the sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.