■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID D. JOHNSON, Appellant. [876 NYS2d 282]—Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered September 26, 2007. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the first degree (Penal Law § 140.30 [1]). Contrary to the contention of defendant, he knowingly, intelligently and voluntarily waived his right to appeal (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Seaberg*, 74 NY2d 1, 11 [1989]). That valid waiver of the right to appeal encompasses defendant's challenges to the severity of the sentence (*see Lopez*, 6 NY3d at 255-256; *People v Hidalgo*, 91 NY2d 733, 737 [1998]), Supreme Court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Garner*, 52 AD3d 1265 [2008], *lv denied* 11 NY3d 736 [2008]), and the factual sufficiency of the plea allocution (*see People v Spikes*, 28 AD3d 1101, 1102 [2006], *lv denied* 7 NY3d 818 [2006]; *People v Bland*, 27 AD3d 1052 [2006], *lv denied* 6 NY3d 892 [2006]; *People v White*, 24 AD3d 1220 [2005], *lv denied* 6 NY3d 820 [2006]).

Defendant further contends that his plea was not knowingly, voluntarily or intelligently entered because the court failed to apprise him of his right to have his guilt proven beyond a reasonable doubt. Although that contention survives the waiver by defendant of his right to appeal, he failed to preserve it for our review by moving to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Davis*, 45 AD3d 1357 [2007], *lv denied* 9 NY3d 1005 [2007]). In any event, defendant's contention is without merit. It is well settled that there is no "uniform mandatory catechism of pleading defendants" (*People v Nixon*, 21 NY2d 338, 353 [1967], *cert denied sub nom. Robinson v New York*, 393 US 1067 [1969]; *see People v Harris*, 61 NY2d 9, 16-17 [1983]), and a plea is not invalid "solely because the [court] failed to specifically enumerate all the rights to which the defendant was entitled" (*Harris*, 61 NY2d at 16), including the right to have his or her guilt proven beyond a reasonable doubt at trial (*see People v Ramirez*, 159 AD2d 392 [1990], *lv denied* 76 NY2d 863 [1990]).

The further contention of defendant in his pro se supplemen-

tal brief that his plea was coerced is belied by his statement during the plea proceeding that he was not threatened, forced or coerced into pleading guilty (*see People v Worthy*, 46 AD3d 1382 [2007], *lv denied* 10 NY3d 773 [2008]).

To the extent that the contention of defendant, in his main and pro se supplemental briefs, that he was denied effective assistance of counsel survives his guilty plea and his waiver of the right to appeal (*see People v Santos*, 37 AD3d 1141 [2007], *lv denied* 8 NY3d 950 [2007]), it is lacking in merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]).

Defendant further contends in his main brief that the court erred in denying his pro se motion for a hearing pursuant to CPL 420.40 based on his alleged inability to pay the mandatory surcharge. That contention is encompassed by his waiver of the right to appeal (*see People v Camacho*, 4 AD3d 862 [2004], *lv denied* 2 NY3d 761 [2004]; *People v Smith*, 309 AD2d 1282, 1283 [2003]) and, in any event, lacks merit. Defendant failed to offer "credible and verifiable information establishing that the surcharge would work an unreasonable hardship on defendant over and above the ordinary hardship suffered by other indigent inmates" (*People v Abdus-Samad*, 274 AD2d 666, 667 [2000], *lv denied* 95 NY2d 862 [2000]; *see People v Cheatom*, 57 AD3d 1447 [2008]; *Camacho*, 4 AD3d 862 [2004]).

Defendant failed to preserve for our review the contention in his pro se supplemental brief that the People committed a *Brady* violation by failing to produce marihuana that was allegedly found at the scene of the crime (*see People v Kearney*, 39 AD3d 964, 966 [2007], *lv denied* 9 NY3d 846 [2007]; *People v Little*, 23 AD3d 1117, 1118 [2005], *lv denied* 6 NY3d 777 [2006]; *People v Harris*, 1 AD3d 881, 882 [2003], *lv denied* 2 NY3d 740 [2004]). In any event, that contention is without merit because defendant failed to establish the existence of the marihuana (*see People v Mellerson*, 15 AD3d 964, 965 [2005], *lv denied* 5 NY3d 791 [2005]), and its potential exculpatory value is purely speculative (*see People v Smith*, 306 AD2d 861, 862 [2003], *lv denied* 100 NY2d 599 [2003]). Present—Smith, J.P., Fahey, Peradotto, Carni and Gorski, JJ.