▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK L. ARCHIE, Appellant. [910 NYS2d 817]—

Appeal from a judgment of the Cayuga County Court (Stephen R. Sirkin, A.J.), rendered November 23, 2009. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and criminally using drug paraphernalia in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Defendant contends in his main brief that County Court erred in failing to conduct a hearing with respect to that part of his omnibus motion seeking to suppress evidence seized from a hotel room and in failing to decide that part of the motion. Defendant abandoned that contention inasmuch as he "did not obtain a ruling on [that part of his] motion, nor did [he] object when the [evidence] was admitted in evidence at trial" (*People v Smith*, 13 AD3d 1121, 1122 [2004], *lv denied* 4 NY3d 803 [2005]; *see also People v Sommerville*, 6 AD3d 1232 [2004], *lv denied* 3 NY3d 648 [2004]). In any event, we conclude that there was no basis for the court to conduct a hearing (*see Smith*, 13 AD3d at 1122). To warrant a hearing on such a motion, a defendant must make sufficient factual allegations to demonstrate a personal legitimate expectation of privacy in the searched premises (*see People v Scully*, 14 NY3d 861, 863-864 [2010]), and defendant failed to do so here (*see People v Christian*, 248 AD2d 960 [1998], *lv denied* 91 NY2d 1006 [1998]). Contrary to the further contention of defendant in his main brief, the court did not abuse its discretion in denying his CPL 330.30 (3) motion to set aside the verdict on the ground of newly discovered

evidence without conducting a hearing. Defendant "failed to show that the allegedly new evidence could not have been discovered earlier in the exercise of reasonable diligence" (*People v Robertson*, 302 AD2d 956, 958 [2003], *lv denied* 100 NY2d 542 [2003]; *see* CPL 330.30 [3]; *People v McCullough*, 275 AD2d 1018, 1019 [2000], *lv denied* 95 NY2d 936 [2000]; *People v Sharpe*, 166 AD2d 620, 622-623 [1990], *lv denied* 77 NY2d 882 [1991]).

By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve for our review the contention in his main brief that the evidence is legally insufficient to support the conviction (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant contends that he did not have constructive possession of the cocaine and glassine envelopes found in a jar in the hotel room and thus that the People failed to establish that he committed the offenses. We reject that contention. "Where, as here, defendant is not found in actual possession of drugs [that] were not in plain view, the People must establish his [or her] constructive possession . . . with proof supporting the conclusion that he [or she] exercised dominion and control over the hotel room" (*People v Echavarria*, 53 AD3d 859, 861 [2008], *lv denied* 11 NY3d 832 [2008]; *see generally People v Manini*, 79 NY2d 561, 572-575 [1992]). A prosecution witness testified at trial that she rented three rooms for defendant and his companions and that the room in which the drugs were found was defendant's room. Defendant testified at trial that he paid that witness for a room, and he admitted that he had a key to the room in question. When the police executed the search warrant, defendant and a woman were found sleeping in that room. There was men's clothing scattered throughout the room, and defendant admitted that a jacket and pair of shoes in the room belonged to him. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that it is sufficient to establish defendant's constructive possession of the contents of the jar found in the hotel room (*see People v Ennis*, 186 AD2d 145, 146 [1992], *lv denied* 81 NY2d 762 [1992]). Contrary to defendant's contention, the fact that other individuals had access to that room does not preclude a finding of constructive possession by defendant because possession may be joint (*see Echavarria*, 53 AD3d at 862; *People v Elhadi*, 304 AD2d 982, 984 [2003], *lv denied* 100 NY2d 580 [2003]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]),

we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We reject the contention of defendant in his main and pro se supplemental briefs that he was denied effective assistance of counsel. Defendant failed "to demonstrate the absence of strategic or other legitimate explanations for [defense] counsel's" stipulation to the admission in evidence of the laboratory report (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Johnson*, 30 AD3d 1042, 1043 [2006], *lv denied* 7 NY3d 790 [2006], *reconsideration denied* 7 NY3d 902 [2006]). Defendant has also failed to demonstrate that defense counsel was ineffective in his questioning of a defense witness and his review of *Rosario* material. Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant's remaining contentions with respect to allegedly ineffective assistance of counsel involve matters outside the record on appeal, and thus the proper procedural vehicle for raising those contentions is a motion pursuant to CPL 440.10 (*see People v Dunbar*, 74 AD3d 1227, 1229 [2010]; *People v Slater*, 61 AD3d 1328, 1329-1330 [2009], *lv denied* 13 NY3d 749 [2009]).

Defendant further contends in his main and pro se supplemental briefs that the court failed to address an alleged *Brady* violation that defendant raised at sentencing. That contention is not preserved for our review (*see generally People v Lundy*, 48 AD3d 1046 [2008], *lv denied* 10 NY3d 936 [2008]; *People v Singh*, 5 AD3d 403 [2004], *lv denied* 2 NY3d 806 [2004]) and, in any event, it is without merit. " '[I]t is well settled that evidence is not deemed to be *Brady* material when the defendant has knowledge of it,' and here the record establishes that defendant was aware [of the evidence in question]" (*People v Wall*, 38 AD3d 1341, 1341 [2007], *lv denied* 9 NY3d 852 [2007]; *see People v McClain*, 53 AD3d 556 [2008], *lv denied* 11 NY3d 791 [2008]; *Singh*, 5 AD3d 403). We have reviewed the remaining contentions of defendant in his pro se supplemental brief and conclude that they are without merit. Present—Centra, J.P., Fahey, Peradotto, Lindley and Green, JJ.