■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JANET REDMOND MERCEREAU, Appellant. [924 NYS2d 118]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered July 2, 2009, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant requested permission to introduce into evidence a video demonstration of an experiment conducted by her expert that allegedly would have discredited the People's theory with regard to the manner in which the murder weapon was allegedly sanitized. Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying the defendant's request.

"Demonstrations and tests, when relevant to a contested issue, can 'play a positive and helpful role in the ascertainment of the truth' " (*People v Caballero*, 34 AD3d 690, 691 [2006], quoting *People v Acevedo*, 40 NY2d 701, 704 [1976]). Although tests and demonstrations should not lightly be rejected when they would play such a role, "courts must be alert to the danger that, when ill-designed or not properly relevant to the point at issue, instead of being helpful they may serve but to mislead,

confuse, divert or otherwise prejudice the purposes of the trial" (*People v Acevedo*, 40 NY2d at 704; *see People v Caballero*, 34 AD3d at 691). As such, "the trial court itself must decide in the exercise of a sound discretion based on the nature of the proffered proof and the context in which it is offered, whether the value of the evidence outweighs its potential for prejudice" (*People v Acevedo*, 40 NY2d at 704).

Here, since the expert's parameters for his experiment were based on speculation, the conditions created would not have been sufficiently similar to those that existed during the incident and would likely have caused confusion among the jurors. As such, the Supreme Court providently exercised its discretion in determining that the probative value of the demonstrative evidence did not outweigh its potential for prejudice (*id.* at 704-705; *see People v Caballero*, 34 AD3d at 691-692; *People v Walker*, 274 AD2d 600, 602 [2000]; *People v Moolenaar*, 262 AD2d 60 [1999]; *People v Vega*, 240 AD2d 347, 348 [1997]; *see generally People v Estrada*, 109 AD2d 977, 978-979 [1985]).

The Supreme Court also providently exercised its discretion in denying the defendant's for-cause challenge of a prospective juror. The juror, a former police officer, provided unequivocal assurances that he would judge police officer testimony fairly and that he could render an impartial verdict based solely on the evidence adduced at trial (*see People v Johnson*, 40 AD3d 1011, 1012 [2007]; *People v Rolle*, 4 AD3d 542, 544 [2004]).

There is also no merit to the defendant's contentions with regard to the inquiries the Supreme Court made after it learned, during deliberations, that the brother of one of the sworn jurors had suddenly died. When first notified, the Supreme Court discussed the matter with the juror and the juror assured all parties that his ability to deliberate fairly would not be affected. As the defendant did not object to the sufficiency of that inquiry or request that any further inquiry be made, any contention with regard to this initial inquiry is unpreserved for appellate review (*see People v Settles*, 28 AD3d 591, 591 [2006]; *People v Riccardi*, 199 AD2d 432 [1993]). Moreover, contrary to the defendant's contention, the Supreme Court providently exercised its discretion when it declined to ask the juror further questions when this same matter was raised the following day. Notably, the Supreme Court addressed the matter by providing the juror with instructions that had been specifically agreed upon by both parties. Under the circumstances, no further inquiry was necessary (*see People v Buford*, 69 NY2d 290, 299 [1987]; *People v Argendorf*, 76 AD3d 1100, 1100 [2010]; *People v Erving*, 55 AD3d 419 [2008]; *People v Devison*, 38 AD3d 203 [2007]; *People v Wright*, 35 AD3d 172 [2006], *lv granted* 16 NY3d 801 [2011]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Angiolillo, J.P., Florio, Lott and Austin, JJ., concur. ·