■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADLEY I. KYLER, Appellant. [945 NYS2d 887]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered January 4, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that he is entitled to be resentenced because the prosecutor failed to provide *Brady* material, i.e., the details of defendant's alleged cooperation with law enforcement agents and any promises that he received in return for such cooperation. Initially, we note that defendant is correct that "*Brady* concerns exculpatory evidence that is relevant . . . to punishment" (*People v Reese*, 23 AD3d 1034, 1036 [2005], *lv denied* 6 NY3d 779 [2006]; *see generally Brady v Maryland*, 373 US 83, 87 [1963]). Even assuming, arguendo, that defendant's contention survives his valid waiver of the right to appeal (*see generally People v Johnson*, 60 AD3d 1496, 1497 [2009], *lv denied* 12 NY3d 926 [2009]), however, we conclude that it is unavailing. Defendant "failed to establish the existence of the [alleged *Brady* material] . . . , and its potential [mitigation] value is purely speculative" (*id.*; *see People v Little*, 23 AD3d 1117, 1118 [2005], *lv denied* 6 NY3d 777 [2006]; *People v Mellerson*, 15 AD3d 964, 965 [2005], *lv denied* 5 NY3d 791 [2005]). In addition, " '[i]t is well settled that evidence is not deemed to be *Brady* material when the defendant has knowledge of it,' and here the record establishes that defendant was aware [of the extent of his

cooperation with law enforcement agents and any promises that were made to him]" (*People v Wall*, 38 AD3d 1341, 1341 [2007], *lv denied* 9 NY3d 852 [2007]; *see People v Archie*, 78 AD3d 1560, 1562 [2010], *lv denied* 16 NY3d 856 [2011]). Present—Scudder, P.J., Smith, Carni, Lindley and Martoche, JJ.