# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

656

**KA 10-01006**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                            MEMORANDUM AND ORDER

BRADLEY I. KYLER, DEFENDANT-APPELLANT.

---

WAGNER & HART LLP, OLEAN (JANINE FODOR OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered January 4, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that he is entitled to be resentenced because the prosecutor failed to provide *Brady* material, i.e., the details of defendant's alleged cooperation with law enforcement agents and any promises that he received in return for such cooperation. Initially, we note that defendant is correct that "*Brady* concerns exculpatory evidence that is relevant . . . to punishment" (*People v Reese*, 23 AD3d 1034, 1036, *lv denied* 6 NY3d 779; *see generally Brady v Maryland*, 373 US 83, 87). Even assuming, arguendo, that defendant's contention survives his valid waiver of the right to appeal (*see generally People v Johnson*, 60 AD3d 1496, 1497, *lv denied* 12 NY3d 926), however, we conclude that it is unavailing. Defendant "failed to establish the existence of the [alleged *Brady* material] . . ., and its potential [mitigation] value is purely speculative" (*id.; see People v Little*, 23 AD3d 1117, 1118, *lv denied* 6 NY3d 777; *People v Mellerson*, 15 AD3d 964, 965, *lv denied* 5 NY3d 791). In addition, " 'it is well settled that evidence is not deemed to be *Brady* material when the defendant has knowledge of it,' and here the record establishes that defendant was aware [of the extent of his cooperation with law enforcement agents and any promises that were made to him]" (*People v Wall*, 38 AD3d 1341, 1341, *lv denied* 9 NY3d 852; *see People v Archie*, 78 AD3d 1560, 1562, *lv denied* 16 NY3d

856).

Entered: June 8, 2012

Frances E. Cafarell
Clerk of the Court