Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered January 4, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (two counts).
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that he is entitled to be resentenced because the prosecutor failed to provide Brady material, i.e., the details of defendant’s alleged cooperation with law enforcement agents and any promises that he received in return for such cooperation. Initially, we note that defendant is correct that “Brady concerns exculpatory evidence that is relevant ... to punishment” (People v Reese, 23 AD3d 1034, 1036 [2005], lv denied 6 NY3d 779 [2006]; see generally Brady v Maryland, 373 US 83, 87 [1963]). Even assuming, arguendo, that defendant’s contention survives his valid waiver of the right to appeal (see generally People v Johnson, 60 AD3d 1496, 1497 [2009], lv denied 12 NY3d 926 [2009]), however, we conclude that it is unavailing. Defendant “failed to establish the existence of the [alleged Brady material] . . . , and its potential [mitigation] value is purely speculative” (id.; see People v Little, 23 AD3d 1117, 1118 [2005], lv denied 6 NY3d 777 [2006]; People v Mellerson, 15 AD3d 964, 965 [2005], lv denied 5 NY3d 791 [2005]). In addition, “ ‘[i]t is well settled that evidence is not deemed to be Brady material when the defendant has knowledge of it,’ and here the record establishes that defendant was aware [of the extent of his *1432 cooperation with law enforcement agents and any promises that were made to him]” (People v Wall, 38 AD3d 1341, 1341 [2007], lv denied 9 NY3d 852 [2007]; see People v Archie, 78 AD3d 1560, 1562 [2010], lv denied 16 NY3d 856 [2011]). Present — Scudder, P.J., Smith, Carni, Lindley and Martoche; JJ.