# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1304**
**KA 11-01536**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

KEITH JACKSON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM G. PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered June 1, 2011. The judgment convicted defendant, after a nonjury trial, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree and unlawful possession of marihuana.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), criminal possession of a weapon in the third degree (§ 265.02 [1]), criminal possession of a weapon in the fourth degree (§ 265.01 [4]), and unlawful possession of marihuana (§ 221.05). The conviction resulted from the seizure, inter alia, of weapons and marihuana during the execution of a search warrant. Defendant and another man were present in the apartment when the warrant was executed.

Defendant contends that the verdict is against the weight of the evidence inasmuch as County Court failed to accord appropriate weight to the evidence that, when the police arrived at the apartment to execute the warrant, the other man was selling drugs while defendant was merely watching television. We reject that contention. Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). The People presented credible evidence that defendant " 'had dominion and control over the area where the contraband was found' " (*People v Shoga*, 89 AD3d 1225, 1227, *lv denied* 18 NY3d 886). The fact that the other man also had access

to the apartment did "not preclude a finding of constructive possession by defendant because possession may be joint" (*People v Archie*, 78 AD3d 1560, 1561, *lv denied* 16 NY3d 856).  Thus, based on the weight of the credible evidence at trial, we conclude that the court was justified in finding defendant guilty beyond a reasonable doubt (*see Danielson*, 9 NY3d at 349).

Entered:  December 31, 2015                         Frances E. Cafarell
                                                    Clerk of the Court