People v Huggins (2019 NY Slip Op 05872)





People v Huggins


2019 NY Slip Op 05872


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., DEJOSEPH, NEMOYER, AND CURRAN, JJ.


422 KA 16-01344

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYRON HUGGINS, DEFENDANT-APPELLANT. 






DANIEL J. DUBOIS, BUFFALO, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MEREDITH M. MOHUN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered May 11, 2016. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree, criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]), criminal possession of a weapon in the third degree (§ 265.02 [3]), and criminal possession of a weapon in the fourth degree (§ 265.01 [4]). The charges arose after the police executed a search warrant at a residence owned by defendant and seized from the upstairs apartment four kilograms of cocaine, a defaced shotgun, and a rifle. The defense was based on, inter alia, the theory that defendant had leased the upstairs apartment to another individual.
Defendant contends that the evidence is legally insufficient to support the conviction inasmuch as the People did not establish that he had constructive possession of the contraband, i.e., that he exercised dominion and control over the area where the cocaine and firearms were found. We reject that contention and conclude that, "viewing the facts in a light most favorable to the People, there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime[s] proved beyond a reasonable doubt' " (People v Danielson, 9 NY3d 342, 349 [2007]; see People v Contes, 60 NY2d 620, 621 [1983]). The evidence of defendant's dominion and control over the upstairs apartment included the undisputed facts that he possessed a key to the apartment, and that the police had seized, from an open drawer of a metal cabinet situated in a bedroom closet, a photographic identification card of defendant. The police also found in that drawer defendant's wallet, which contained, inter alia, defendant's birth certificate and a benefits card, a bank card, and a medical card, all issued in defendant's name. In the same metal cabinet drawer, the police discovered shotgun shells, which matched the defaced operable shotgun that the police found in the adjacent bedroom, sticking out from under the bed and thus partially in plain view. In a lower drawer of the same metal cabinet, police discovered two wrapped packages of cocaine, weighing one kilogram each. In a smaller storage area next to the metal cabinet, the police found two additional kilograms of cocaine, one still wrapped and one that had been opened, stored above a heating duct near the ceiling. Next to the bed under which the police had found the defaced shotgun was a chest of drawers, the top drawer of which contained mail addressed to defendant's girlfriend, which defendant's girlfriend testified that she had placed there herself. Next to the chest of drawers, propped up in the corner of the room in plain view, was an operable rifle. We conclude that the above evidence is legally sufficient to support the conviction with respect to the issue of defendant's constructive possession of the contraband found in the upstairs apartment (see People v Hines, 278 AD2d 849, 849-850 [4th Dept 2000], affd 97 NY2d 56 [2001], rearg denied 97 NY2d 678 [2001]; People v Fuller, 168 AD2d 972, 973-974 [4th Dept 1990], lv denied 78 NY2d 922 [1991]; see [*2]also People v Slade, 133 AD3d 1203, 1205 [4th Dept 2015], lv denied 26 NY3d 1150 [2016]).
Even assuming, arguendo, that another individual rented the upstairs apartment from defendant, we note that the fact that another individual had access to the apartment is insufficient to defeat an inference of defendant's constructive possession (see Fuller, 168 AD2d at 973; see also People v Farmer, 136 AD3d 1410, 1411-1412 [4th Dept 2016], lv denied 28 NY3d 1027 [2016]; People v Archie, 78 AD3d 1560, 1561 [4th Dept 2010], lv denied 16 NY3d 856 [2011]). To the extent that defendant's legal sufficiency contention is based on an attempt to differentiate between constructive possession of the contents of the upstairs apartment and knowledge of the contraband, we conclude that the contention is without merit inasmuch as, "[w]here contraband is found on premises under a defendant's control, it may be inferred that he has both knowledge and control of it" (People v Sacco, 64 AD2d 324, 327 [4th Dept 1978]; see People v Sierra, 45 NY2d 56, 60 [1978]).
Viewing the evidence in light of the elements of these possessory crimes as charged to the jury (see Danielson, 9 NY3d at 349), we further conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant's girlfriend testified that she and defendant had never lived in the upstairs apartment. She also testified that defendant had rented the upstairs apartment to an individual named "J-Roc" since at least 2013, but she was unable to give the individual's legal name, and she did not think that the individual's name appeared on the mailbox. She also testified that the metal cabinet and the chest of drawers had formerly been located in the downstairs apartment, but that they had been moved upstairs, at some time not specified, after some construction work had begun on the downstairs apartment. Sitting as a theoretical "thirteenth juror" (Danielson, 9 NY3d at 348), we conclude that the testimony of defendant's girlfriend contains several factual gaps that make it difficult for us to credit her account of how personal items belonging to her and defendant became commingled with the possessions of an unidentified person living in the upstairs apartment. We therefore cannot conclude that the jury, in returning a guilty verdict, failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495; People v Barnes, 158 AD3d 1072, 1073 [4th Dept 2018], lv denied 31 NY3d 1011 [2018]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court