OPINION OF THE COURT
Daniel K. Lalor, J.
Defendant was sentenced on November 24, 1998 by this court to a term of IV2 to 3 years upon his plea of guilty on October 13, 1998 to the reduced charge of attempted promoting prison contraband in the first degree in satisfaction of all remaining charges in the above indictment. Defendant has made application to this court requesting deferral of the mandatory surcharge of $155 imposed at sentencing. The application calls *637 into question the court’s authority to defer payment of the mandatory surcharge by an incarcerated defendant, and requires disentanglement of several hitherto inscrutable provisions of CPL article 420 and Penal Law article 60.
CPL 420.35 (2) provides, “Under no circumstances shall the mandatory surcharge or the crime victim assistance fee be waived.” This statute is a clear expression of legislative intent in favor of imposition of the surcharge. However, the instant application seeks not waiver but only deferral.
The law does provide a mechanism for deferral in certain cases. Penal Law § 60.35 (8) provides, “at the time that the mandatory surcharge is imposed * * * courts shall, issue and cause to be served upon the person required to pay the mandatory surcharge * * * a summons directing that such person appear * * * if after sixty days from the date it was imposed it remains unpaid.”. CPL 420.40 (2) in turn provides, “On an appearance date set forth in a summons issued pursuant to subdivision three[*] of section 60.35 of the penal law * * * a person * * * shall have an opportunity to present on the record credible and verifiable information establishing that the mandatory surcharge should be deferred, in whole or in part, because, due to the indigence of such person the payment of said surcharge would work an unreasonable hardship on the person or his or her immediate family.” In such cases, if the court determines deferral to be appropriate, it shall direct that its order of deferral be filed with the clerk as a judgment, collectible in due course in the same manner as a civil judgment (CPL 420.40 [5]).
However, the above mechanism is not available to defendant in this case, for Penal Law § 60.35 (8) further provides, “The court shall not issue a summons * * * to a person who is being sentenced to a term of confinement * * * in the department of correctional services. The mandatory surcharges for those persons shall be governed by the provisions of section 60.30 of the penal law.”
Penal Law § 60.30, in turn, states, “This article does not deprive the court of any authority conferred by law to decree a forfeiture of property, suspend or cancel a license, remove a person from office, or impose any other civil penalty and any appropriate order exercising such authority may be included as part of the judgment of conviction.” (Emphasis added.)
*638 By definition, an “appropriate exercise” of such discretionary authority encompasses the discretion to decline to exercise that authority altogether. Accordingly, but for the express prohibition of CPL 420.35 (2), the court would retain discretion to waive the surcharge entirely. Such relief is neither appropriate, nor is it requested in this case. Deferral to a definite future time is however within the court’s discretionary authority provided by Penal Law § 60.30 and it provides, moreover, relief more in line with express legislative intent than the indefinite deferral afforded nonincarcerated indigent defendants.
It is appropriate to mention at this juncture a further provision bearing upon the issue at hand. Penal Law § 60.35 (5) provides, “[w]hen a person * * * sentenced to a term of imprisonment has failed to pay the mandatory surcharge * * * the clerk * * * shall notify the superintendent * * * of the facility where the person is confined. The superintendent * * * shall cause any amount owing to be collected from such person during his * * * imprisonment”. The statute thereafter gives the superintendent broad authority to deduct the amount owing from various sources, including money earned by the inmate in a work release program, and “moneys in the possession of an inmate at the time of his admission into such facility, funds earned by him as provided * * * in * * * the correction law and any other funds received by him or on his behalf’.
The above provision is commonly invoked by prison officials as paramount authority justifying mechanical collection of the surcharge from inmate accounts. However, in reality its directive springs to life only upon a defendant’s “failure to pay” a surcharge duly imposed and ordered paid. Where there has been entered, even retrospectively, a discretionary deferral pursuant to Penal Law § 60.30, there has been no “failure to pay” the surcharge, and prison officials have no authority thereafter to seize an inmate’s funds in derogation of the sentencing court’s order.
The court has reviewed defendant’s request and the applicable law and, based upon the circumstances of this case, hereby directs in the exercise of its discretion that defendant be given until three months after his release on parole in which to make payment of the mandatory surcharge of $155 previously imposed upon his conviction in this court. The court directs that the clerk serve a copy of this decision upon the superintendent of the correctional facility wherein defendant is currently incarcerated.

 It is clear from the context that this intended reference must be to Penal Law § 60.35 (8), not (3).