OPINION OF THE COURT
Yvonne Lewis, J.
Mr. Mark Parker seeks, pursuant to CPL 420.10 (1) and 420.40 (5), to have this court defer the mandatory surcharge levied against him on the 9th day of April 1999 incident to a IV2- to 3-year jail sentence stemming from his plea of guilty to *738 attempted, burglary in the third degree entered on the 18th day of March 1999.
Mr. Parker, in support of his request, asserts that he had been homeless since 1992 and that he is presently having 40% of his biweekly earnings of $6.40 deducted to cover, in equal measure, his mandatory surcharge and “gate fee” (monies to be paid to him upon release), leaving him with only $3.70 to purchase personal incidentals.
CPL 420.40 (2) makes it clear that a defendant, in order to obtain a deferment of the mandatory surcharge, needs to establish that due to his indigence the payment of said surcharge would work an unreasonable hardship on him or his immediate family (in which case the court must issue an order deferring payment which is to be filed as a judgment by the County Clerk to be collected in the same manner as a civil judgment). CPL 420.40 (3), in turn, stresses that the court must be mindful of the “mandatory nature of the surcharge, and the important criminal justice and victim services sustained by such fees.” Balancing these two considerations, and taking into account that Mr. Parker’s basic needs (food, lodging, hygienic supplies, and clothing) are being provided by the penal institution where he is housed, this court finds that Mr. Parker has not asserted facts sufficient to warrant the relief that he seeks, i.e., that he has failed to distinguish his present situation from that of any other inmate who was unemployed prior to his incarceration and has no friends or family to give him extra money while incarcerated. In addition, Mr. Parker has not established that he is in any way responsible for the support of any immediate family member who has been adversely affected by the deductions from his jail earnings. In short, there has been no demonstration of any “unreasonable” hardship on Mr. Parker or his immediate family to justify a deferment of his mandatory surcharge. Mr. Parker’s motion is therefore denied.