■ The People of the State of New York, Respondent, v Saifuddin Abdus-Samad, Appellant. [712 NYS2d 63] —Mugglin, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered April 9, 1999, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, a prison inmate, was charged with promoting prison contraband in the first degree after he was found in possession of a sharpened metal shank. At the Grand Jury hearing, defendant requested that two witnesses be permitted to testify on his behalf but the Grand Jury voted to deny the request. Defendant thereafter pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree with a recommended sentence of 1½ to 3 years, to be served consecutive to the sentence he was currently serving. County Court sentenced defendant as a second felony offender to the agreed-upon prison term and a mandatory surcharge. Defendant moved, through counsel and again pro se, for an order waiving the surcharge. County Court denied the motions and this appeal ensued.

We reject defendant's contention that he was denied the right to request witnesses to testify before the Grand Jury inasmuch as defendant's request for witnesses was properly presented to the Grand Jury, which denied the request as a matter of discretion (see, CPL 190.50 [6]). As for defendant's claim that County Court erred in failing to defer the mandatory surcharge, by failing to request deferment of the surcharge in either of his

motions defendant failed to preserve this argument for our review (*see generally*, *People v Bliss*, 245 AD2d 459; *People v Santos*, 176 AD2d 245, *lv denied* 78 NY2d 1080). In any event, were we to address the merits, we would simply note that deferment of the surcharge would not be appropriate on the record before us, which contains no credible and verifiable information establishing that the surcharge would work an unreasonable hardship on defendant over and above the ordinary hardship suffered by other indigent inmates (*see*, CPL 420.40 [2]; *see also*, *People v Parker*, 183 Misc 2d 737).

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.