THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO CAMACHO, Appellant. [771 NYS2d 481]—

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered June 28, 2002. The judgment convicted defendant, upon his plea of guilty, of attempted promoting prison contraband in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Contrary to the contention of defendant, County Court did not abuse its discretion in denying his motion to withdraw his guilty plea. "The conclusory allegation of defendant that his counsel had pressured him to plead guilty is insufficient to require vacatur of the plea" (*People v Miller*, 252 AD2d 984, 984 [1998], *lv denied* 92 NY2d 984 [1998]). In any event, the allegations of defendant in support of the motion are belied by his statements during the plea proceeding (*see People v Beaty*, 303 AD2d 965 [2003], *lv denied* 100 NY2d 559 [2003]; *People v Rickard*, 262 AD2d 1073 [1999], *lv denied* 94 NY2d 828 [1999]; *Miller*, 252 AD2d 984 [1998]).

Defendant further contends that the court erred in denying his application to defer the mandatory surcharge. His waiver of the right to appeal, however, encompasses that contention (*see People v Smith*, 309 AD2d 1282, 1283 [2003]). In any event, although a court has the authority to defer the mandatory surcharge, the court here properly denied the application inasmuch as "defendant failed to establish that he suffered any hardships different from those of other indigent inmates" (*id.*; *see People v Kistner*, 291 AD2d 856 [2002]). Present—Green, J.P., Pine, Wisner, Gorski and Lawton, JJ.