OPINION OF THE COURT
Joseph J. Dawson, J.
Defendant moves pursuant to section 420.40 (2) of the Criminal Procedure Law to defer payment of the mandatory *729 surcharge, crime victim assistance fee and DNA databank fee imposed in this case (collectively the surcharges). The People take the position that the court lacks authority to defer payment of the surcharges associated with state prison inmates under the statute, and the papers of both sides illustrate that there is a split of authority among the lower courts concerning that question (compare People v Hopkins, 185 Misc 2d 312 [Sup Ct, Kings County 2000], with People v Huggins, 179 Misc 2d 636 [Greene County Ct 1999]; see also People v Allen, 13 Misc 3d 1208[A], 2006 NY Slip Op 51735[U] [Sup Ct, NY County 2006]; People v Bailey, NYLJ, June 1, 2001, at 20, col 5 [Sup Ct, Queens County, Rotker, J.]; People v Llanos, NYLJ, Aug. 4, 2000, at 28, col 2 [Sup Ct, Bronx County, Price, J.]; People v Parker, 183 Misc 2d 737 [Sup Ct, Kings County 2000]).
This court has located one decision in which the Appellate Division, Fourth Department, held that a lower court had “erred in determining that it lacked authority pursuant to CPL 420.40 (2) to defer the mandatory surcharge” in a case involving an inmate (see People v Kistner, 291 AD2d 856, 856 [4th Dept 2002]). While the opinion in Kistner does not contain an extensive analysis of the reasons for that holding, there can be little question that the Fourth Department considered the precise issue involved here. This court is required to follow the Kistner decision. Indeed, absent contrary authority from the Court of Appeals or the First Department, this court is always bound by principles of stare decisis to follow the Appellate Division decisions issued by the other judicial departments of this state (see People v Turner, 5 NY3d 476, 482 [2005]; Mountain View Coach Lines v Storms, 102 AD2d 663, 664-665 [2d Dept 1984]).
Nevertheless, the court is required to deny defendant’s motion to defer the surcharges here. Both the language of section 420.40 (2) and the cases applying the statute demonstrate that, in order to obtain deferral of the surcharges, an inmate is required to provide “credible and verifiable information” demonstrating that collection of these fees “would work an unreasonable hardship on defendant over and above the ordinary hardship suffered by other indigent inmates” (see People v Abdus-Samad, 274 AD2d 666, 667 [3d Dept 2000], lv denied 95 NY2d 862 [2000]; accord, People v Kistner, 291 AD2d at 856). Defendant has not made the requisite showing.
*730 Defendant claims that seven of the eight dollars that he receives each month are “deducted for payment of the surcharge” (see affidavit of Joseph Hazel, sworn to Aug. 4, 2006, 11 2). Defendant asserts that he is “generally left with only twenty-five cents per month,” but does not explain what happens to the remaining 750 of the dollar that is not allegedly deducted for the surcharge. (See id.) That discrepancy is significant here; after all, three of the four “necessary items” identified in defendant’s affidavit cost less at the commissary than 750. (See id.)
Next, defendant nowhere explains why it is that fully seven eighths of his funds are removed from his account each month to pay the surcharge. It appears to be a long-standing policy of the Department of Correctional Services — recognized in several reported cases — to deduct only 20% of an inmate’s earnings for a given surcharge, and only 50% of any funds that are obtained as gifts from friends and relatives (see, e.g., Matter of Begun v Goord, 249 AD2d 861 [3d Dept 1998]; People v Parker, 183 Misc 2d 737 [Sup Ct, Kings County 2000]; People v Holmes, NYLJ, Oct. 1, 1993, at 26, col 2 [Sup Ct, Kings County 1993]; People v Scantlebury, NYLJ, Apr. 26, 1991, at 26, col 1 [Sup Ct, Kings County 1991]). The court cannot simply assume, without further explanation, that defendant is being treated differently from other inmates and that prison officials are departing from well-settled standards for his case alone.
Finally, no one can doubt that the four items identified by defendant — a toothbrush, toothpaste, soap and shampoo — are necessary for personal hygiene. Yet, defendant has not made the showing that the appellate courts in our state require that his purported inability to purchase these articles constitutes an unreasonable hardship when compared to the hardships ordinarily imposed on other inmates who are indigent (see People v Abdus-Samad, 274 AD2d at 667). That is particularly important here, for the court is entitled to presume, absent a showing otherwise, that correction officials are providing for defendant’s basic needs, including any essentials for appropriate hygiene in a prison setting (see, e.g., Correction Law § 137; accord, People v Parker, 183 Misc 2d at 738). While defendant claims that he is unable to buy the items that he has identified, his affidavit lacks any firm claim that appropriate substitute articles are not already being *731 provided to him, and he has not explained how his inability to make his desired purchases sets him apart from other indigent inmates.
For all of the reasons set forth above, defendant’s motion is denied.