■ The People of the State of New York, Respondent, v Kenneth Brown, Appellant. [894 NYS2d 18]—

Although defendant has appealed from his judgment of conviction, the only issue he raises relates to the court's denial of his postjudgment CPL 420.40 motion that sought a financial hardship hearing to defer or vacate the mandatory surcharges and fees that had been imposed at the time of sentence. Although an appeal from a judgment of conviction brings up for review the imposition of fees and surcharges (*People v Hernandez*, 93 NY2d 261, 268 [1999]), defendant does not challenge the sentencing court's imposition of these assessments. The order denying the motion was not part of the judgment and is otherwise not a legislatively authorized basis for a criminal appeal (*see* CPL 450.10; *People v Stevens*, 91 NY2d 270, 277 [1998]). An order denying a defendant's postconviction application for relief from an aspect of the judgment cannot be viewed as part of the preexisting judgment. Since defendant has not raised any reviewable issue, we affirm (*see People v Callahan*, 80 NY2d 273, 285 [1992]). Concur—Andrias, J.P., McGuire, Moskowitz, Freedman and Román, JJ.