■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FLANDERS, Appellant. [972 NYS2d 355]—

Stein, J.P. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered June 27, 2011, convicting defendant upon his plea of guilty of the crime of aggravated driving while intoxicated.

Defendant pleaded guilty to aggravated driving while intoxicated in full satisfaction of a four-count indictment, with the understanding that he would be sentenced to a prison term of 1$^1/_3$ to 4 years. Defendant was also ordered, as pertinent here, to pay a mandatory surcharge, as well as a fine and various fees. At the sentencing hearing, defendant sought to have the payment of the mandatory surcharge deferred until after he served his sentence, so that he could save any money accumulated in prison in order to be more self-sufficient upon his release. County Court denied the request and thereafter sentenced defendant to the agreed-upon sentence. Defendant appeals and we affirm.

We reject defendant's contention that County Court erred in denying his request to defer the payment of the mandatory surcharge prior to imposing sentence. In our view, defendant did not demonstrate that the payment of the surcharge " 'would work an unreasonable hardship on defendant over and above the ordinary hardship suffered by other indigent inmates' " (*People v Kistner*, 291 AD2d 856, 856 [2002], quoting *People v Abdus-Samad*, 274 AD2d 666, 667 [2000], *lv denied* 95 NY2d

862 [2000]; *see* CPL 420.40 [2]).\* As to defendant's contention that the agreed-upon sentence is harsh and excessive, we find no extraordinary circumstances or an abuse of discretion warranting a reduction of the sentence, particularly in light of defendant's considerable criminal history, which includes two previous convictions of driving while intoxicated (*see People v Williams*, 101 AD3d 1174, 1174 [2012]; *People v Muniz*, 93 AD3d 871, 876 [2012], *lv denied* 19 NY3d 965 [2012]).

McCarthy, Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

---

\* We note that defendant also filed a postjudgment motion seeking to defer the payment of the mandatory surcharge on different grounds than those argued prior to sentencing and County Court denied the motion. To the extent that defendant challenges the denial of the postjudgment motion on appeal, inasmuch as County Court's order denying the motion is not part of the judgment of conviction, and defendant has only appealed from said judgment, the issue is not properly before us (*see People v Brown*, 69 AD3d 466, 466 [2010]).