### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  July 10, 2014                    104943
                                                       106121
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                  MEMORANDUM AND ORDER

RAUL MORALES,
                        Appellant.
_____

Calendar Date:  June 3, 2014

Before:  Peters, P.J., Garry, Rose, Egan Jr. and Clark, JJ.

                    _____

        David E. Woodin, Catskill, for appellant.

        Charles O. Bucca, Acting District Attorney, Catskill
(Danielle D. McIntosh of counsel), for respondent.

                    _____

Garry, J.

        Appeals (1) from a judgment of the County Court of Greene
County (Pulver Jr., J.), rendered October 4, 2011, convicting
defendant upon his plea of guilty of the crime of attempted rape
in the first degree, and (2) by permission, from an order of said
court, entered September 27, 2013, which denied defendant's
motion pursuant to CPL 440.10 to vacate the judgment of
conviction, without a hearing.

        Defendant was charged in two felony complaints with
predatory sexual assault against a child for sexual intercourse
and other acts perpetrated against two underage female victims.
Defendant appeared before the grand jury and, under oath,
acknowledged that he had discussed his appearance with his

attorney and had elected to waive immunity and testify. He then signed a written waiver of immunity in the grand jury's presence and proceeded to testify. The grand jury handed up a nine-count indictment charging him with three counts of sexual abuse in the first degree and six counts of predatory sexual assault against a child. Following negotiations, defendant pleaded guilty to one count of attempted rape in the first degree in satisfaction of all charges, in exchange for a prison sentence of 10 years, followed by 10 years of postrelease supervision. As part of the plea agreement, he waived his right to appeal. County Court thereafter sentenced defendant to the agreed-upon term and further ordered him to pay fees and surcharges. Defendant appeals.

During the pendency of his appeal from the judgment of conviction, defendant moved pursuant to CPL 440.10 to vacate the judgment contending, among other things, that he was denied the effective assistance of counsel by virtue of counsel's failure to advise him of his defense of transactional immunity. County Court denied the motion without a hearing and defendant appeals, by permission, from that order.

We reject defendant's contention that there was any defect in his waiver of immunity, such that his testimony before the grand jury rendered him immune from prosecution for the underlying crimes. Defendant unequivocally acknowledged under oath before the grand jury that he had reviewed the waiver of immunity with counsel, had been advised as to the ramifications of signing it — including its effect on his right to immunity — and wished to waive immunity and testify. This acknowledgment, together with the written waiver that he signed in the grand jury's presence, fully satisfied the dictates of CPL 190.45 (see People v Heidelmark, 214 AD2d 767, 769 [1995], lv denied 85 NY2d 973 [1995]; People v Young, 205 AD2d 908, 909-910 [1994]).

Turning to defendant's claim that he was deprived of the effective assistance of counsel, to the extent that such claim is alleged to have impacted the voluntariness of his plea, it is unpreserved for this Court's review, as the record does not indicate that defendant moved to withdraw his plea (see People v

Long, 117 AD3d 1326, 1327 [2014]; People v Griffin, 117 AD3d 1339 [2014]).[1]  In any event, defendant's claim rests primarily on the assertion that counsel should have moved to dismiss the indictment based upon defendant's alleged immunity, and a claim of ineffective assistance cannot be established by counsel's failure to make a motion "that has little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005]; see People v Bahr, 96 AD3d 1165, 1167 [2012], lv denied 19 NY3d 1024 [2012]). The record shows that counsel filed appropriate pretrial motions and negotiated a favorable plea for defendant, who otherwise faced a possible sentence of six consecutive life terms in prison (see People v Sylvan, 108 AD3d 869, 870 [2013], lv denied 22 NY3d 1091 [2014]; People v Leszczynski, 96 AD3d 1162, 1163 [2012], lv denied 19 NY3d 998 [2012]).

Defendant's contention that County Court erred in imposing a supplemental sex offender victim fee is foreclosed by his valid waiver of the right to appeal (see People v Frazier, 57 AD3d 1460, 1461 [2008], lv denied 12 NY3d 783 [2009]; People v Lemos, 34 AD3d 343, 343 [2006], lv denied 8 NY3d 924 [2007]). Defendant's claim that his challenge survives the waiver in that it concerns the legality of his sentence is without merit, as the various fees and surcharges mandated by Penal Law § 60.35 are not a part of a defendant's sentence (see People v Guerrero, 12 NY3d 45, 47-48 [2009]; People v Ryan, 83 AD3d 1128, 1130 [2011]).

---

[1]  Defendant contends that his motion to vacate the judgment of conviction preserved this issue for our review within the context of his direct appeal.  Where, as here, the propriety of a guilty plea is contested, and the issue may be reviewed by reference to the record, preservation of the issue for direct appeal is accomplished by motion to withdraw the plea (see CPL 220.60 [3]).  By contrast, when the record is insufficient to support review, the vehicle for placing the issue before the trial court is through a CPL article 440 motion to vacate the judgment of conviction.  To the extent that our prior decisions might be read to suggest that a motion to vacate the judgment of conviction is sufficient to preserve an issue for review on direct appeal, they should not be followed.

Finally, County Court's summary denial of defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10 was proper, as the record on defendant's direct appeal was sufficient to review his contention that he received the ineffective assistance of counsel with respect to statutory immunity, and defendant presented no new evidence on his motion (see CPL 440.10 [2] [b]; People v Kindred, 100 AD3d 1038, 1041 [2012], lv denied 21 NY3d 913 [2013]; People v Trombley, 91 AD3d 1197, 1203 [2012], lv denied 21 NY3d 914 [2013]).  Defendant's remaining contentions have been examined and found to be without merit.

Peters, P.J., Rose, Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment and order are affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court