*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: September 4, 2014      104756
104757
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
               Respondent,

     v                            MEMORANDUM AND ORDER

ANTHONY A. LAROSE II,
               Appellant.
_____


Calendar Date: August 21, 2014

Before: McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

_____


     Richard V. Manning, Parishville, for appellant.

     Alexander Lesyk, Special Prosecutor, Norwood, for
respondent.

_____


McCarthy, J.P.

     Appeals (1) from a judgment of the County Court of St.
Lawrence County (Richards, J.), rendered December 12, 2011,
convicting defendant upon his plea of guilty of the crimes of
criminal contempt in the first degree and attempted assault in
the second degree, and (2) from a judgment of said court,
rendered May 21, 2012, which resentenced defendant.

     Defendant was charged in an indictment with aggravated
criminal contempt, criminal contempt in the first degree and
strangulation in the second degree. While being held on those
charges, defendant was arrested for assaulting a fellow inmate.
Defendant agreed to waive indictment and be charged by superior
court information with assault in the second degree for that

crime.  Under the terms of a plea agreement, defendant pleaded guilty to criminal contempt in the first degree in full satisfaction of the indictment and pleaded guilty to attempted assault in the second degree in satisfaction of the superior court information.[1]  The pleas also satisfied several other pending charges.  County Court thereafter sentenced defendant, as a second felony offender, to two consecutive sentences of 2 to 4 years in prison, with the recommendation that he be placed in the shock incarceration program.

After it was discovered that defendant was ineligible for shock incarceration, defendant appeared before County Court for resentencing.  Defendant sought to have the payment of the mandatory surcharge, the DNA databank fee and the crime victims' assistance fee deferred until after he served his sentence.  County Court denied the request and resentenced defendant, as a second felony offender, to two concurrent 2 to 4-year prison terms.  Defendant now appeals.

We affirm.  County Court did not err in denying defendant's request to defer payment of the mandatory surcharge and various fees, inasmuch as he did not establish that the payments "would work an unreasonable hardship on defendant over and above the ordinary hardship suffered by other indigent inmates" (People v Flanders, 110 AD3d 1112, 1112 [2013] [internal quotation marks and citations omitted]; see CPL 420.40 [2]).  Nor do we find merit to defendant's contention that the resentence is harsh and excessive, given his extensive criminal history (see People v Howard, 111 AD3d 1021, 1021-1022 [2013], lv denied 22 NY3d 1199 [2014]; People v Alexander, 110 AD3d 1111, 1112 [2013], lv denied 22 NY3d 1154 [2014]).

Garry, Egan Jr., Lynch and Clark, JJ., concur.

---

[1]  Although the plea agreement included an appeal waiver, the People concede, and we agree, that defendant did not knowingly, intelligently and voluntarily waive the right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]).

ORDERED that the judgments are affirmed.


ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court