*756 OPINION OF THE COURT
Susan T. Kluewer, J.
Defendant’s application for, in effect, an order directing issuance of an amended sentencing commitment designating that payment of a mandatory surcharge, crime victim assistance fee, and DNA databank fee imposed on him at sentencing be “deferred” is granted. The clerk is directed to issue an amended uniform sentence and commitment form so as to check the “Deferred” box rather than the “Not Paid” box for the mandatory surcharge, for the DNA fee, and for the crime victim assistance fee, and to, in the “Remarks” section, replace “M/S, CVAF, and DNA fee, collect by civil judgment” with “All fees and surcharges are ordered by the court as a civil judgment and are not to be taken from inmate’s funds.”
Defendant stands convicted, upon his plea of guilty, of attempted criminal sale of a controlled substance in the fifth degree (see Penal Law §§ 110.00, 220.31). On December 5, 2014, the court (Ricigliano, J.) sentenced defendant as a second felony offender with a prior violent felony conviction to a determinate term of two years, plus one year of postrelease supervision. It imposed the required $300 mandatory surcharge, $25 crime victim assistance fee, and $50 DNA databank fee (see Penal Law § 60.35 [1] [a] [i], [v]), but directed that these amounts be collected by way of civil judgment. The official New York State form UCS-854, titled “Uniform Sentence & Commitment,” that is filled out in this court when a defendant is sentenced to incarceration on a felony, has special boxes about, among other things, fees imposed at sentencing, including the mandatory surcharge, the DNA databank fee, and the crime victim assistance fee. The choices for each of these and other fees are “Paid,” “Not Paid” and “Deferred — court must file written order [CPL § 420.40 (5)].” In this case, although the clerk also wrote “M/S, CVAF, and DNA fee, collect by civil judgment” in the “Remarks” section of the form, the clerk at sentence checked the box “Not Paid” for each of the fees at issue. The original of a written civil judgment order signed on December 9, 2014 by Judge Ricigliano, who has moved up to a higher court, contains directives that defendant, pursuant to CPL 420.10, pay the mandatory surcharge, crime victim assistance fee and DNA fee to the Nassau County Court Clerk, that the District Attorney file a certified copy of the order in the Nassau County Clerk’s office, and that the District Attorney may institute proceedings to collect the unpaid fees. Notations on the original civil judg *757 ment order indicate a copy was entered in the county clerk’s office on January 6, 2015.
Defendant, by “letter motion,” asserts, in effect, that at sentencing, the court and his attorney explained that the administrative fees imposed at sentencing could be paid upon his release from prison, that the correctional facility where he is housed is nonetheless collecting these fees, and, with some supporting documentation, that the correctional facility advises him that, although the sentencing commitment specifies that the fees are to be collected by civil judgment, it must collect the fees from his prison funds unless payment of the fees is marked “deferred” on the sentencing commitment. He asks that a new sentencing commitment be issued with the marking “payment deferred,” and asserts that collection of these funds from his prison account makes it “very difficult to obtain the necessary articles to maintain while here [sic].” The People oppose the application, asserting, first, that defendant is ineligible for the relief he seeks because he was sentenced to more than 60 days’ incarceration, that, in any event, defendant has failed to demonstrate that he suffers from a hardship “over and above” the hardship suffered by other indigent inmates, that it is the policy of the Department of Corrections and Community Supervision to deduct only 20% of an inmate’s earnings and only 50% of any funds gifted to the inmate, and, in effect, that directing that the fees be collected by way of civil judgment does not constitute a determination that payment of the fees be deferred.
The People’s assertion to the contrary notwithstanding, and although there is a split of authority among lower courts (see People v Morrison, 36 Misc 3d 880 [Sup Ct, NY County 2012, Stone, J.]; People v Hazel, 13 Misc 3d 728 [Sup Ct, Bronx County 2006, Dawson, J.]; People v Hopkins, 185 Misc 2d 312 [Sup Ct, Kings County 2000, Demarest, J.]; People v Huggins, 179 Misc 2d 636 [Greene County Ct 1999, Lalor, J.]; People v Law, 41 Misc 3d 1220[A], 2013 NY Slip Op 51784[U] [Sup Ct, Bronx County 2013, Massaro, J.]), binding appellate authority (see Mountain View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984]) makes clear that I have authority to grant defendant’s application (cf. Penal Law § 60.30; People v Flanders, 110 AD3d 1112 [3d Dept 2013]; see also People v Camacho, 4 AD3d 862 [4th Dept 2004]; People v Domin, 13 AD3d 391 [2d Dept 2004], citing with approval People v Huggins; People v Kistner, 291 AD2d 856 [4th Dept 2002]). New York’s issuance of a *758 uniform sentence and commitment form on which to report whether, e.g., the mandatory surcharge is “Paid,” “Not Paid” or “Deferred” for use for persons who will in many instances be committed to the New York State Department of Corrections and Community Supervision (cf. CPL 420.35 [3]) supports this view. And while the People do correctly assert both that, in order to obtain deferral of payment a defendant must demonstrate that collection of these fees now “would work an unreasonable hardship on defendant over and above the ordinary hardship suffered by other indigent inmates” (see People v Kistner at 856; see also People v Smith, 309 AD2d 1282 [4th Dept 2003]), and that defendant has made no such showing on this application (cf. e.g. People v Hazel), whether they are also correct in asserting that Judge Ricigliano’s direction that the fees be collected by way of civil judgment does not constitute the granting of a deferral is more problematic.
CPL 420.10, pursuant to which Judge Ricigliano directed in writing that defendant pay the fees at issue, provides for, among other things, civil proceedings for their collection (see CPL 420.10 [6]; see also CPL 420.35). CPL 420.40, which governs the procedure for deferring the obligation to pay a mandatory surcharge and DNA databank fee, at least where a defendant has been sentenced to no more than 60 days’ incarceration (see e.g. People v Morrison), has been described as “poorly drafted and difficult to follow” (see Peter Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, CPL 420.40; see also People v Huggins), and, oddly, contains no reference to the crime victim assistance fee. But for all its shortcomings, the statutory scheme embodied in CPL article 420 demonstrates that the legislature contemplated that, where deferral of the mandatory surcharge and other administrative costs is granted, the court “shall do so in a written order,” it “shall direct the filing of a certified copy of the order with the county clerk,” and the order “shall direct that any unpaid balance ... be collected in the same manner as a civil judgment” (see CPL 420.40 [5]). Judge Ricigliano took these steps here, it is not my province to look behind his written civil judgment order to determine whether defendant made the requisite showing of unreasonable hardship, and it is my view that, against the backdrop of CPL article 420 and, particularly, CPL 420.40 (5), issuing a civil judgment order constitutes granting a deferral of payment (see People v Morrison, wherein the court notes that entering a judgment on a surcharge has *759 the identical practical effect of deferring collection). Indeed, it appears that, in checking the “Not Paid” boxes on the original uniform sentence and commitment form, the clerk simply made an error, which error the clerk is now directed to correct.