Clark, J.
Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered March 31, 2014 in Clinton County, convicting defendant upon his plea of guilty of the crimes of rape in the third degree (two counts), perjury in the first degree and criminal contempt in the second degree.
In satisfaction of a multicount indictment, defendant pleaded guilty to two counts of rape in the third degree, perjury in the first degree and criminal contempt in the second degree and waived his right to appeal. Defendant was sentenced, in accordance with the terms of the plea agreement, to an aggregate prison term of eight years followed by five years of postrelease supervision. Defendant now appeals.
Defendant’s contention that his waiver of the right to appeal is invalid is belied by the record. A review of the plea colloquy reflects that Supreme Court separately addressed and explained the nature of the appeal waiver from those rights that are automatically forfeited upon a plea of guilty, and elicited *1117 from defendant that he understood and agreed to waive his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Tyler, 130 AD3d 1383, 1384 [2015]). Furthermore, the record demonstrates that defendant executed a written appeal waiver in open court after reviewing it with defense counsel (see People v Tyler, 130 AD3d at 1384; People v Turner, 126 AD3d 1228, 1229 [2015]). Under these circumstances, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Lopez, 6 NY3d at 256; People v Sibounhome, 125 AD3d 1059, 1059 [2015]). As such, defendant’s contention that he was improperly denied the right to a CPL 420.20 hearing to defer mandatory surcharge fees is precluded by the valid waiver of the right to appeal (see People v Johnson, 60 AD3d 1496, 1497 [2009], lv denied 12 NY3d 926 [2009]; People v Camacho, 4 AD3d 862, 862 [2004], lv denied 2 NY3d 761 [2004]).
Peters, P.J., Garry, Egan Jr. and Devine, JJ., concur.
Ordered that the judgment is affirmed.