*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016                     107091
                                                        107092

_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

MARCEL A. BIBEAU JR.,
                        Appellant.
_____

Calendar Date:  May 23, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

                        _____


        Marcy I. Flores, Warrensburg, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.


                        _____


Mulvey, J.

        Appeals (1) from a judgment of the County Court of Clinton County (McGill, J.), rendered May 14, 2014, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree (two counts), and (2) from an order of said court, entered March 25, 2015, denying defendant's motion seeking deferral of mandatory surcharges, fees and restitution.

        In 2013, defendant was the subject of three accusatory instruments, the first of which charged him with the crime of grand larceny in the third degree for having stolen from his employer automotive and marine electronic equipment valued in excess of $4,544.30 (see Penal Law § 155.30 [1]).  The other two

instruments charged defendant with the crimes of grand larceny in the third degree and offering a false statement for filing in the first degree in connection with defendant's receipt from the Department of Social Services of over $3,000 in public assistance benefits to which he was not entitled (see Penal Law §§ 155.30 [1]; 175.35 [1]).  Defendant waived prosecution by indictment and, in full satisfaction of the charges brought against him in two separate superior court informations, pleaded guilty in March 2014 to two counts of grand larceny in the fourth degree.  At sentencing, defendant sought to have the payment of the mandatory surcharges deferred until after he served his sentence.  County Court denied that request and, consistent with the terms of the underlying plea agreement, sentenced defendant as an admitted second felony offender to concurrent prison terms of 1½ to 3 years and 2 to 4 years for each count of grand larceny in the fourth degree and ordered restitution.  Thereafter, defendant filed a postjudgment motion again seeking to defer surcharges, fees and restitution, and County Court, in a March 2015 order, denied that request.  Defendant now appeals from that order and from the underlying judgment of conviction.

We affirm.  Initially, we note that defendant's failure to move to withdraw his guilty plea or to vacate the judgment of conviction renders his claims that his plea was involuntarily entered and that his plea allocution was factually inadequate unpreserved for our review (see People v Williams, 27 NY3d 212, 219-220 [2016]; People v Lopez, 71 NY2d 662, 665 [1988]; People v Youngblood, 107 AD3d 1159, 1160 [2013], lv denied 21 NY3d 1078 [2013]; People v Bonville, 104 AD3d 1024, 1024 [2013], lv denied 22 NY3d 1197 [2014]).  Moreover, the narrow exception to the preservation rule does not apply here as defendant did not make any statements during his plea allocution that cast doubt upon his guilt or the voluntariness of his plea (see People v Williams, 27 NY3d at 220; People v Lopez, 71 NY2d at 666-667).  If this issue were properly before us, we would find that the record establishes that, although defendant admitted his guilt when asked for his plea to "the charge of grand larceny in the third degree as set forth in the first count" alleging theft of public assistance benefits, both the plea agreement and plea colloquy unequivocally demonstrate that defendant agreed to plead

guilty to grand larceny in the fourth degree. Moreover, at sentencing, County Court confirmed that defendant was being sentenced for his guilty pleas to two counts of grand larceny in the fourth degree. The record further establishes that an amended uniform sentence and commitment form was filed in July 2014 correctly indicating that defendant had pleaded guilty to grand larceny in the fourth degree.

With regard to defendant's contention that County Court erred in denying his request to defer the payment of the mandatory surcharges prior to imposing sentence, defendant did not sufficiently demonstrate that the payment of the surcharge "would work an unreasonable hardship on defendant over and above the ordinary hardship suffered by other indigent inmates" (People v Flanders, 110 AD3d 1112, 1112 [2013] [internal quotation marks and citations omitted]; see CPL 420.40 [2]; People v LaRose, 120 AD3d 1442, 1443 [2014], lv denied 24 NY3d 1045 [2014]).

Inasmuch as defendant requests deferral of the payment of restitution, neither CPL 420.40 nor the issuance of a civil judgment expressly permit deferral of the payment of restitution (see CPL 420.40 [1]; 420.10 [6]; but see People v Greenhalgh, 48 Misc 3d 755, 758-759 [County Ct, Nassau County 2015]; People v Morrison, 36 Misc 3d 880, 888 & n 3 [Sup Ct, NY County 2012]). Nor has defendant demonstrated that County Court abused its discretion in denying defendant's request to defer payment of the restitution component of his sentence (see CPL 420.10 [1] [a]; Penal Law § 60.27 [3]; People v Merchant, 79 AD3d 1526, 1526 [2010]; see generally People v Henry, 64 AD3d 804, 807 & n 2 [2009], lv denied 13 NY3d 860 [2009]).

Garry, J.P., Egan Jr., Lynch and Devine, JJ., concur.

-4- 107091
107092

ORDERED that the judgment and order are affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court