■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL MOORE, Appellant. [56 NYS3d 474]—

Rose, J. Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered July 14, 2015, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree, waived his right to appeal and was sentenced, as an admitted second felony offender and in accordance with the plea agreement, to a prison term of 22 to 44 months, to be served consecutively to the sentence he was serving on a prior conviction. Defendant was also ordered, as pertinent here, to pay a mandatory surcharge of $300 and a crime victim assistance fee of $25. He now appeals.

Defendant contends that County Court illegally directed the Department of Corrections and Community Supervision to collect the mandatory surcharge and crime victim assistance fee imposed pursuant to Penal Law § 60.35. Specifically, defendant argues that, insofar as County Court entered a written order at defendant's sentencing converting the mandatory surcharge and crime victim assistance fee into a civil judgment, the subject fees were automatically deferred by operation of law (*see* CPL 420.40), thereby precluding the Department of Corrections and Community Supervision from subsequently deducting them from his inmate account. This claim, however, is precluded by defendant's unchallenged appeal waiver (*see People v Morales*, 119 AD3d 1082, 1084 [2014], *lv denied* 24 NY3d 1086 [2014]; *cf. People v Cota*, 136 AD3d 1116, 1117 [2016]). In any event, County Court lacked the discretion to issue such an order at sentencing (*see People v Jones*, 26 NY3d 730, 732-733 [2016]).

Defendant also challenges County Court's denial of his postjudgment motion seeking a deferral of the mandatory surcharge and crime victim assistance fee pursuant to CPL 420.40. However, inasmuch as County Court's postjudgment order is not part of the judgment of conviction and defendant failed to file a notice of appeal with regard thereto, this issue is not properly before us (*see People v Flanders*, 110 AD3d 1112, 1113 n [2013]; *People v Brown*, 69 AD3d 466, 466 [2010]; *compare People v Bibeau*, 140 AD3d 1530, 1531 [2016], *lv denied* 28 NY3d 969 [2016]).

Peters, P.J., Garry, Clark and Rumsey, JJ., concur. Ordered that the judgment is affirmed.