People v Wilson (2019 NY Slip Op 00319)





People v Wilson


2019 NY Slip Op 00319


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-09683
 (Ind. No. 2556/14)

[*1]The People of the State of New York, respondent,
v
Scott K. Wilson, appellant.


Steven A. Feldman, Uniondale, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered July 14, 2016, convicting him of criminal possession of a controlled substance in the third degree and attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 341-342; People v Lopez, 6 NY3d 248, 256-257).
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent survives his valid waiver of the right to appeal (see People v Bird, 164 AD3d 1357; People v Magnotta, 137 AD3d 1303). However, the defendant failed to preserve this contention for appellate review, since he did not move to vacate his plea or otherwise raise this issue before the County Court (see People v Ramos, 164 AD3d 922; People v Pollidore, 123 AD3d 1058, 1059). In any event, the record reflects that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Seeber, 4 NY3d 780, 781; People v Fiumefreddo, 82 NY2d 536, 543).
The defendant's valid waiver of the right to appeal precludes appellate review of his contention regarding the mandatory surcharge (see People v Moore, 152 AD3d 1088; People v Cota, 136 AD3d 1116, 1117; People v Morales, 119 AD3d 1082, 1084; People v Johnson, 60 AD3d 1496, 1497).
The defendant's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court