People v Perez (2019 NY Slip Op 02753)





People v Perez


2019 NY Slip Op 02753


Decided on April 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 11, 2019

109205

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
OMAIDA PEREZ, Appellant.

Calendar Date: March 15, 2019

Before: Garry, P.J., Clark, Mulvey, Rumsey and Pritzker, JJ.


Marshall Nadan, Kingston, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered March 16, 2016, convicting defendant upon her pleas of guilty of the crimes of grand larceny in the fourth degree and burglary in the third degree.
In April 2015, defendant waived indictment and pleaded guilty to a superior court information charging her with one count of grand larceny in the fourth degree with the understanding that she would receive a split sentence of six months in the local jail and five years of probation. The plea agreement required defendant to waive her right to appeal, and she was warned that County Court would not be bound by its sentencing commitment should defendant, among other things, commit any new offenses. Defendant was released on her own recognizance pending sentencing and, while at liberty, committed additional crimes. To resolve the new charges, defendant agreed to waive indictment and plead guilty to a superior court information charging her with one count of burglary in the third degree. The plea agreement, which required defendant to waive her right to appeal, contemplated that defendant would be sentenced to a prison term of 1&frac13; to 4 years upon her conviction of grand larceny in the fourth degree and to a prison term of 2&frac13; to 7 years upon her conviction of burglary in the third degree — said sentences to be served consecutively. Defendant thereafter pleaded guilty to burglary in the third degree, and County Court imposed the promised prison terms. After the judgment of conviction was rendered, County Court entered two separate orders imposing restitution and the mandatory surcharge. Defendant twice sought resentencing/deferral/remission with respect to the surcharges and restitution imposed, and — by orders entered November 29, 2016 and December 12, 2017 — County Court denied the requested relief. Defendant appeals from the judgment of conviction.
We affirm. Defendant's primary claim — that the agreed-upon sentence imposed was harsh and excessive — is precluded by her unchallenged waivers of the right to appeal (see People v Mones, 168 AD3d 1288, 1288 [2019]; People v Ballard, 167 AD3d 1082, 1083 [2018]; People v Allen, 166 AD3d 1210, 1211 [2018], lv denied ___ NY3d ___ [Feb. 27, 2019]). The balance [*2]of defendant's argument regarding the denial of her postjudgment applications for, among other things, deferral and/or remission of the restitution and surcharges imposed (see CPL 420.10, 420.30, 420.40) is not properly before us. Defendant did not seek such relief at the time of sentencing (compare People v Bibeau, 140 AD3d 1530, 1531 [2016], lv denied 28 NY3d 969 [2016]; People v Flanders, 110 AD3d 1112, 1112 [2013]), and County Court's postjudgment orders are not part of the judgment of conviction from which this appeal is taken (see People v Moore, 152 AD3d 1088, 1088 [2017]; People v Flanders, 110 AD3d at 1113 n).
Garry, P.J., Clark, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.