People v Archer (2019 NY Slip Op 03110)





People v Archer


2019 NY Slip Op 03110


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

109692

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KASHAWN ARCHER, Appellant.

Calendar Date: March 18, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Adam H. Van Buskirk, Auburn, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Franklin County (Richards, J.), rendered July 12, 2017, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
Defendant pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree and waived his right to appeal. County Court denied defendant's request that collection of the surcharge and fees be deferred, concluding that it lacked authority to do so, but informed defendant that such request could be considered upon submission of a written motion following sentencing. Consistent with the plea agreement, the court then sentenced defendant as a second felony offender to a prison term of 1½ to 3 years and imposed the mandatory surcharge and fees. Defendant appeals.
Defendant's contention that County Court erred in determining that it did not have the authority to defer or waive the surcharge and fees is without merit. The court was obligated, pursuant to Penal Law § 60.35 (1) (a), to levy the mandatory surcharge and fees at the time the sentence was imposed, and it lacked the authority at sentencing to consider defendant's request for deferment (see People v Jones, 26 NY3d 730, 732-733 [2016]). Furthermore, contrary to defendant's contention, the valid waiver of the right to appeal precludes his challenge to the mandatory surcharge and fees imposed by the court (see People v Morales, 119 AD3d 1082, 1084 [2014], lv denied 24 NY3d 1086 [2014]; People v Frazier, 57 AD3d 1460, 1461 [2008], lv denied 12 NY3d 783 [2009]).
Defendant also contends that he received ineffective assistance of counsel because the record does not reflect that any motion requesting deferral of the surcharge and fees was filed by defense counsel following sentencing. The alleged failure of defense counsel to pursue a postjudgment motion does not impact the voluntariness of the plea and, therefore, such challenge [*2]is precluded by the waiver of the right to appeal (see People v McDuffie, 43 AD3d 559, 560 [2007], lv denied 9 NY3d 992 [2007]; People v Trimm, 295 AD2d 640, 642 [2002], lv denied 98 NY2d 732 [2002]). In any event, the issue is not properly before us on this appeal from the judgment of conviction (see People v Moore, 152 AD3d 1088, 1088 [2017]; People v Flanders, 110 AD3d 1112, 1113 n [2013]).
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.