People v Beardsley (2019 NY Slip Op 04816)





People v Beardsley


2019 NY Slip Op 04816


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


4 KA 17-01088

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROCCO A. BEARDSLEY, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
PATRICK E. SWANSON, DISTRICT ATTORNEY, MAYVILLE (LYNN S. SCHAFFER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Chautauqua County (Paul Wojtaszek, J.), rendered January 12, 2017. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). In appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of unlawful manufacture of methamphetamine in the third degree (§ 220.73 [2]) and, in appeal No. 3, he appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (§§ 110.00, 220.16 [1]). As part of his plea agreement in appeal No. 1, defendant agreed to waive his right to appeal, including his right to appeal the denial of his motion to withdraw his pleas in appeal Nos. 2 and 3. We reject defendant's contention in appeal No. 1 that his waiver of the right to appeal is invalid. The record establishes that he knowingly, intelligently, and voluntarily waived his right to appeal and that he understood that the right to appeal was separate and distinct from the rights automatically forfeited by pleading guilty (see People v Bryant, 28 NY3d 1094, 1096 [2016]; People v Moore, 158 AD3d 1312, 1312 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]). The valid waiver of the right to appeal encompasses defendant's challenge to Supreme Court's suppression ruling (see Moore, 158 AD3d at 1312).
Defendant's contention that the court erred in summarily denying his motion to withdraw his pleas in appeal Nos. 2 and 3 survives his valid waiver of the right to appeal only to the extent that it concerns the voluntariness of the pleas (see People v Green, 122 AD3d 1342, 1343 [4th Dept 2014]; see also People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]). Nevertheless, we reject that contention. Defendant's claim that the pleas were involuntary due to his innocence was not supported by a sworn affidavit (see People v Rosekrans, 149 AD3d 1563, 1564 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]) and was instead based on conclusory and unsubstantiated statements (see People v Matthews, 24 AD3d 1306, 1306 [4th Dept 2005], lv denied 6 NY3d 850 [2006]). Thus, we conclude that, "given the nature of the materials submitted in support of the motion, the court did not abuse its discretion in denying the motion without conducting a fact-finding hearing" (Rosekrans, 149 AD3d at 1564-1565). To the extent that defendant contends that defense counsel coerced him into pleading guilty, we note that his contention involves matters outside the record on appeal and must be raised via a motion pursuant to CPL 440.10 (see People v Hodge, 226 AD2d 1124, 1124 [4th Dept 1996], lv denied 88 NY2d 986 [1996]; see also People v McFarley, 144 AD3d 1521, 1522 [4th Dept 2016]). To the extent that the record permits review, we further conclude that the court properly denied the motion without a hearing because defendant's contention was based on [*2]conclusory assertions of coercion (see Matthews, 24 AD3d at 1306; see generally People v Camacho, 4 AD3d 862, 862 [4th Dept 2004], lv denied 2 NY3d 761 [2004]).
We have considered defendant's remaining contentions raised in these appeals and conclude that none warrants reversal or modification of the judgments.
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court