People v Carota (2020 NY Slip Op 02290)





People v Carota


2020 NY Slip Op 02290


Decided on April 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 16, 2020

109099

[*1]The People of the State of New York, Respondent,
v
Robert Carota, Appellant.

Calendar Date: February 18, 2020

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Colangelo. JJ.


Lisa A. Burgess, Indian Lake, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered November 18, 2016, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.
In December 2015, defendant was charged by indictment with criminal contempt in the first degree and two Environmental Conservation Law violations. The predicate conviction for his criminal contempt charge was an October 2015 conviction of criminal contempt in the second degree rendered in Kingsbury Town Court. Defendant did not take a direct appeal from that conviction.[FN1] While the subject indictment was pending, defendant filed a CPL 440.10 motion to vacate in Town Court with respect to the October 2015 predicate conviction, which the Town Court denied with prejudice. Thereafter, defendant accepted a negotiated plea agreement, the terms of which provided that defendant would plead guilty to criminal contempt in the first degree in satisfaction of the subject indictment and waive his right to appeal. Under that agreement, if defendant were successful on his appeal from the denial of his CPL article 440 motion to vacate the predicate conviction, he would be permitted to withdraw his guilty plea to the indictment, plead guilty to criminal contempt in the second degree and pay civil penalties for the environmental violations.
Pursuant to the agreement, defendant pleaded guilty to criminal contempt in the first degree, admitted the predicate conviction for purposes of his guilty plea and waived his right to appeal. County Court delayed sentencing on the indictment pending resolution of defendant's appeal from the denial of his CPL article 440 motion. Ultimately, County Court affirmed Town Court's denial of defendant's CPL 440.10 motion to vacate the predicate conviction. Defendant was then sentenced on the subject indictment, as a second felony offender, to the agreed-upon prison term of 1½ to 3 years. Defendant appeals.
On appeal, defendant argues that this Court should vacate or reduce his conviction of criminal contempt in the first degree premised upon his claim that the October 2015 predicate conviction is invalid. Essentially, defendant is seeking appellate review in this Court of the October 2015 predicate judgment of conviction rendered in Town Court. Irrespective of the validity of the challenged appeal waiver, we note that defendant did not file a notice of appeal from the predicate conviction in this Court (see CPL 460.10 [1] [a]; People v Moore, 152 AD3d 1088, 1088 [2017]). Even if he had, this Court lacks jurisdiction to review the predicate judgment of conviction (see People v Gogg, 285 AD2d 842, 842 [2001]), as an appeal from a judgment of conviction of a local criminal court lies not with the Appellate Division, but with County Court (see CPL 450.60 [3]), and any further appeal from a County Court appellate order would have been to the Court of Appeals (see CPL 450.90 [1]).
Egan Jr., J.P., Lynch, Mulvey and Devine, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: In November 2016, County Court denied defendant's motion for an extension of time to file a late notice of appeal.